Hall, Judge,
 

 delivered the opinion of the Court:
 

 It is laid down in the English books, that if the principal Jury omit to find matter which goes to the very point of the issue, and upon which, if they had found a false
 
 *524
 
 verdict, an attaint would lie by the party injured, such matter cannot be supplied by writ of enquiry; because thereby the party may lose his action of attaint, which will not lie upon an inquest of office.
 
 *
 
 And in Cheneg’s case,
 
 †
 
 where a writ was brought
 
 de valore marilagii,
 
 and issue was taken on the tenure, &c. and it was found for the Plaintiff, and the Jury assessed damages and costs, but did not enquire of the value of the marriage, as they ought to have done, it was resolved that the verdict was insufficient: and it was said that three things are to be recovered, to-wit, the value of the marriage, damages and costs; and that although the issue be
 
 de valore maritagñ
 
 upon the tenure, yet as a consequent or dependant upon the issue, the Jury, if they find for the Plaintiff, are, as parcel of their charge, to enquire of the value of the marriage, &c. and if they assess excessive damages, attaint-lies. In this case, it is to be observed, that the Plaintiff could not recover any thing in kind, as in detinue, where lie may recover the thing sued for, but could only recover the value of the marriage, damages and costs. If the marriage were not assessed, he could recover nothing in lieu of it.
 

 In detinue, the Plaintiff recovers the value of the thing sued for, if the thing itself be not restored upon the issuing of a distringas. In the first case, the object of the suit cannot be attained without assessing the value of the marriage
 
 ;
 
 in the latter, it may or may not. Lord Coke, however, seems to have made no difference in the two cases: he says, “ the rule is that where the Court,
 
 ex officio,
 
 ought to enquire of any thing upon which no attaint lies, there the omission of it may be supplied by a writ of enquiry of
 
 damages;
 
 but in all cases where any point is omitted whereof attaint lies, it shall not be supplied by writ of en-quiry, because on that writ no attaint lies ; and therefore in detinue, if the Jury find damages and costs, and no va
 
 *525
 
 lue as they ought, it shall not be supplied by writ of enqui-ry of damages, for the reason aforesaid.” However, af-terwards in Burton v. Robinson,
 
 *
 
 (where Cheney’s case was cited) in an action of detinue for a deed, a writ of en-quiry seems to have been granted to assess the value, which the first Jury omitted to do. But this decision met with the disapprobation of Lord Holt, as expressed by him in Sir James Herbert’s case,
 
 †
 
 for the reasons given in Cheney’s case. But the reasons which influenced the Judges in England in awarding or not awarding writs of enquiry to supply the omissions of the principal or first Juries, do not apply in this State, because the docrine"of attaints never has been nor is it now in force here. It has fallen into disuse in England, but the course of Judicial proceedings to which it gave rise still continues.
 

 In replevin brought and a nonsuit entered, or in case of a demurrer to evidence, and the Jury discharged, there shall be a writ of enquiry, for the Jury does not give any verdict, and they cannot assess the damages.
 
 ‡
 
 The like Law' holds in case of common di murrers.
 
 §
 

 As we are, therefore, not restrained by the law of at-taints from issuing writs of enquiry, where convenience and the justice of the case require it, I think it agreeable to both, that one should issue in the present case. Formerly inquests of office were held by the Sheriff; but by the act of
 
 1717,
 
 ch. 2, sec. 80, cognizance is taken of them by the Court that awards them. And, indeed, if the law of at-taints were in force, it would be matter of speculation whether it would not apply to writs of enquiry when executed by Courts of Record. The Court are of opinion that a distringas should issue, and if the slaves be not delivered to the Plaintiff, that a writ of enquiry should be issued, to ascertain the value of the. slaves, and for the value thus ascertained, the Plaintiff may sue out a
 
 jfieri facias,
 
 or
 
 ca-pias ad
 
 satisfaciendum, at his pleasure.
 

 *
 

 Carth. 362,
 
 L.
 
 Bay. 59. 1 Salk. 205. Skinner 595. PI. 8.
 

 †
 

 10 Coke, 118.
 

 *
 

 1 Keble 882.
 

 †
 

 Skinner 509. Pl. 8.
 

 ‡
 

 Skinner 595., Pl. 8.
 

 §
 

 1 Plowd. 283.