JOHN HOLMES, Ex'r. of GEO. HOLMES *v.* ISHAM GODWIN and
BLACKMAN GODWIN.

If, on a trial below, the jury omit to find a matter which goes to the
very point of the issue, the new trial granted by the Supreme Court
must be *in toto;* but when, on that trial, all the material issues have
been correctly found, and the error does not touch the merits, the
Supreme Court may award a partial new trial to correct the error.

(*Key* v. *Allen*, 3 Murph. 553, cited and approved.)

CIVIL ACTION for the claim and delivery of personal property,
heretofore decided in this Court at June Term, 1873, (69 N.
C. Rep., 467,) and sent down to the Superior Court of CUM-
BERLAND, where it was again tried by *Buxton, J.,* at Spring
Term, 1874.

The facts are fully set out in the report of the case in 69 N.
C. Rep., 467. Upon the return of the case to the Superior
Court of Cumberland, for a new trial, the defendant obtained
leave of the Court to amend his answer, substituting more ex-
plicit denials of the allegations in the complaint, for the general
one, " that no part of the complaint was true."

Upon the former trial, the following issues, under the direc-
tion of the Court, were drawn up in writing and submitted to
the jury :

1. Was any rent still due when the corn was taken by George
Holmes under these proceedings : if any rent was due, how
much? To this the jury responded in writing : No rent was
due.

2. How much corn did George Holmes take under these
proceedings, and what was its value ? To which the jury re-
sponded in like manner : 125 bushels, worth $1.25 per bushel.

By way of damages the jury allowed 6 per cent. on the value
from the time of taking, 1st January, 1870. Judgment was
then accordingly rendered against the plaintiff, and he appealed.
This Court reversed the judgment on account of error com-
mitted in assessing the value of the corn at the time of its

seizure by the sheriff, instead of at the time of the trial. It did not then appear that the corn had been destroyed, so that its return in specie to the defendants was impossible.

On the second trial it became a question submitted to the adjudication of the Court, how far the order for the *venire de novo* extended ; whether to the whole case or merely to the assessment of value and damages. The defendants insisted that they were entitled to the standpoint they had acquired by reason of the finding of the jury in the former trial, upon the issues submitted, ascertaining the wrongful taking of the corn by reason of an unfounded claim for rent, and also ascertaining the quantity seized, to wit, 125 bushels ; and that the *venire de novo*, only extended and should be so limited to the assessment of the value of the corn, being in the nature of an inquest to assess damages for a wrong already ascertained.

On the contrary, the plaintiff insisted that the *venire de novo* extended to the whole case, and that as a matter of law and legal right the effect of the adjudication by the Supreme Court upon his appeal, was to award a new trial out and out. The plaintiff further insisted that the verdict of a former jury was inconclusive for any purpose, it being only as to facts submitted upon issues framed by the Court ; that it was not a distinct finding either for the plaintiff or for the defendant, so as to amount to a verdict for either, or to warrant the judgment of the Court rendered thereon ; and that if in fact it was a verdict for the defendants, that both the verdict and the judgment were vacated by the appeal, and were pronounced erroneous by the Supreme Court ; consequently the plaintiff was prepared to introduce evidence, as he proposed to do, first, to show at the time of taking the corn by the plaintiff's testator, under the proceedings instituted, the defendants were indebted to him for rent due ; and second, to show the quantity of corn taken for rent, was only 40 bushels, and that the residue of the corn in the crib went to the use of the defendants.

His Honor intimating an opinion with the defendants upon the question presented, it was agreed, for the purpose of saving

time, and that his decision might be reviewed as upon a case agreed, that the corn before alluded to was burned, so that it could not be restored in specie to the defendants, and also that its worth at the time of its seizure, was $1 per bushel; and further that 6 per cent. on the value of the corn from date of seizure, 1st January, 1870, should be the measure of damages for the taking and detention; that there should be a *remittitur* entered of 27-12 for the estimated value of corn at the date of seizure, and that there should be a judgment for the defendants accordingly.

Judgment in accordance with this agreement, and appeal by plaintiff.

B. *Fuller,* for appellant.
*Guthrie,* contra.

BYNUM, J. This is an action for the claim and delivery of personal property, instituted by the plaintiff's intestate.

1. The defendant denied the plaintiff's title and claimed the return of the corn which had been delivered to the intestate by the Sheriff. On the trial two issues were submitted to the jury.

1. Was any rent due to the plaintiff: and

2. If not, what was the amount and value of the corn taken and the damages for the detention. The jury found that no rent was due, and that 125 bushels of corn were taken, worth $1.25 per bushel, at the time of the taking, and judgment was given for $136.25 and interest.

On appeal by plaintiff to this Court, 69 N. C. Rep., 467, it was held to be error to assess the value of the corn as of the time of the taking, instead of the time of the trial, it not appearing that the corn had been destroyed so as to be incapable of being returned in specie, and for that reason a *venire de novo* was awarded. When the case came on for trial the second time, the plaintiff claimed a new trial out and out, upon all the issues found against him on the former trial, while the defend-

ant claimed that the only error assigned being in the assessment of the value of the corn, the new trial must be confined to the correction of that error, and that he could not be deprived of the benefit of the verdict in his favor, upon the other and material issues found in his favor. His Honor held with the defendant, and the plaintiff appealed, and it was thereupon agreed, and it so appears in the case, that the corn had been consumed, and its value was agreed upon as of the time of seizure, in order that a final judgment might be rendered here upon a review of his Honor's opinion upon the case agreed.

The first question presented by the record is, what is the legal effect of a judgment of *venire de novo* upon the rights of the parties? Upon that, there can be no doubt. The technical formula, "*venire facias de novo*," unexplained by any restrictions, has the meaning and legal effect of wiping out the former verdict and giving a new trial out and out, upon all the issues, and such was its effect in this case.

That this Court *may* grant a partial and restricted new trial, in a proper case, is settled. *Key* v. *Allen*, 3 Murph. 553, was an action of detinue for negro slaves, where the jury found for the plaintiff and assessed damages for the detention of the slaves, but did not find their value.

The defendant moved for a new trial, and a question arose, whether the Court should award a new trial *in toto*, or permit the verdict to stand and award a writ of enquiry to assess the value of the slaves. Upon the principles of convenience and the justice of the case, the Court awarded an enquiry, and the criterion for the exercise of the power is laid down to be this: If the jury omit to find a matter which goes to the very point of the issue, the new trial must be *in toto*, but where all the material issues are found correctly, and the error does not touch the merits, the Court may award an enquiry or partial new trial, to correct the error. The English cases are to the same effect, and Coke, 10 Rep. 118, goes the length of saying, that in such cases the Court ought, *ex officio*, to award an inquest of damages and not a new trial upon the whole case.

4 Taunt. 556; Tidd's Practice, 911; *Boyd* v. *Brown*, 17 Pick. 453; Hilliard on New Trials, chap. 17, sec. 29.

The opinion of the Court, as declared in this case heretofore, 69 N. C. 467, does not militate with this view of the power of this Court. The power to award a partial new trial, or an enquiry of damages where they have been erroneously assessed, without disturbing the findings which dispose of the merits of the case, is both convenient and useful, however delicate and difficult, may be its application in particular cases. It certainly should not be exercised except in a clear case. *Key* v. *Allen*, is very like our case, but there the counsel raised the point and asked for a writ of enquiry, without disturbing the verdict which was not done when this case was here before.

But another question is presented now. The *venire de novo* was granted because, under the instruction of the Court below, the jury assessed the value of the corn, as of the time of seizure, instead of the time of the trial, it not appearing that the corn had been destroyed. It now appears by the case agreed, that in point of fact, the corn had been destroyed and its value had been properly assessed by the jury. If this had appeared to the Court when the case was here before, the judgment of the Court below would have been affirmed. The only error alleged before, is now corrected by the case agreed and now submitted, for the more speedy determination of the case. Why send it back to be tried *de novo*, when it has been once fairly tried, and the record presents no error of law? The Court will not do a vain thing.

PER CURIAM.                                    Judgment affirmed.