THOMAS J MERONY v. M L. MCINTYRE and another.

*New Trial—Issues.*

It is error to limit a new trial to a single issue, where all the issues are essential and each touches the merits of the controversy. In such case the new trial granted should be general.

(*Holmes* v. *Godwin* 71 N. C., 306, cited and approved.)

CIVIL ACTION tried at Fall Term, 1879, of ROWAN Superior Court, before *Gilmer, J.*

It is alleged in the complaint that plaintiff recovered several justice's judgments against the defendant, McIntyre, amounting in all to $558.75, principal money, and caused executions to be issued thereon which were returned *nulla*

*bona;* that McIntyre, after becoming thus indebted to plaintiff, purchased of one West a house and lot for five hundred dollars, and paid the money and procured the deed to be made to his co defendant, Jennie Finger, without any valuable consideration moving from her, and that McIntyre was insolvent at the time.

The action is brought on the idea, (the judgment debtor having no estate or right in the land affected by a lien under the judgment or capable of being reached by execution) that he has the right of action in the nature of a bill in equity to follow the money of his debtor which has been converted into the land as a gift to Jennie Finger.

The defendants filed separate answers, and the facts necessary to constitute the ı laintiff's cause of action being denied, His Honor submitted the following issues to the jury:

1. Was the defendant McIntyre indebted to the plaintiff in judgments on claims contracted prior to May, 1876, and only $12.08 paid thereon?

2. Did McIntyre have West to execute a deed for said land to defendant Jennie without consideration on her part?

3. Was McIntyre insolvent at the time of the execution of the deed from West to Finger?

The jury being out considering of their verdict when His Honor left the bench late in the evening, it was agreed that the clerk might take the verdict, and they having agreed came before the clerk and responded to the first issue, " yes," to the second, "no," and to the third, "yes," and were discharged, some remaining in the court room and others going out into the street.   Just after the discharge of the jury, one of them in conversation with plaintiff's counsel remarked that the jury were satisfied that no consideration had been paid by Finger, when the counsel told the juror, if that was so, they should not have responded " no" to the second issue, and suggested to the clerk and to said juror and some five others still in the court room, that the jury ought to be

got together that they might correct their finding. Thereupon the jury were assembled, and after retiring for some minutes returned and delivered a verdict in the affirmative on the second issue. The judge was sent for, and after examining the jury touching their finding, directed the last verdict to be recorded Defendants moved to set aside the verdict and award a new trial, and upon hearing affidavits and finding the facts as above stated, the court refused to set aside the entire verdict, but set aside the finding on the second issue, and ordered a new trial as to the same, and the defendants appealed.

*Mr. J. M. McCorkle,* for plaintiff.
*Mr. Kerr Craige,* for defendants.

DILLARD, J., after stating the case. The error assigned questions the right of the court below under the established rules and practice of the courts to grant a new trial as to one of the issues, leaving the verdict to stand as to the others.

It is not necessary that we go into the inquiry whether the change of the finding from a negative to an affirmative response on the second issue by the jury in consequence of the conversation of one of the jurors with the plaintiff's counsel, and on suggestion to that effect, vitiated the verdict and required the court as a matter of law to set it aside *in toto,* or was a matter of such weight merely as His Honor might give to it in the exercise of his discretion in passing on the motion for a new trial. We are of the opinion, whether the change of the verdict under the circumstances vitiated it or not, His Honor, as he decided to set it aside, should have done so and granted a new trial generally, and not restricted it to the second issue only.

It is settled that a court may in some cases grant a partial new trial, and the rule on the subject as established by the

decisions of this court, is, " that if the jury omit to find a matter which goes to the point of the issue, the new trial must be *in toto*, but when all the material issues are found correctly and the error does not touch the merits, the court may award a writ of inquiry or a restricted new trial to correct the error." *Holmes* v. *Godwin*, 71 N. C., 306, and the authorities there cited.

In this action there were three essential facts in the plaintiff's cause of action, to wit, the purchase and payment for the land by McIntyre out of his own means, the procurement of title to be made by West to Finger without valuable consideration proceeding from her, and the insolvency of McIntyre at the time of the conveyance. It took all three to constitute a case for the plaintiff, and the non-existence of either one of the facts, if so found, was fatal to the action. The absence of a consideration paid by Finger was essential to plaintiff, equally with and not more than the other facts; and the jury as to this important fact involved in the second issue in their first verdict in effect found that there was a consideration, which entitled Finger to judgment; and in their second verdict they found in substance that there was no consideration, and on this and the other findings the plaintiff was entitled to judgment. Evidently, then, the new trial granted of the second issue was on a point which not merely touched the merits of the action, but was its central point, without which and the other facts in his favor the plaintiff could not recover. Applying the rule established in *Holmes* v. *Godwin*, the new trial granted should have been entire and not limited to this single issue.

According to the case of appeal the court found as facts that the jury in their first verdict delivered to the clerk by consent of parties found the second issue in favor of the defendant, Finger, and were discharged and dispersed, and that in consequence of a conversation of a juror with the plaintiff's counsel, the jury were got together and again re-

BANK *v.* MCARTHUR.

tired upon the issues, and on their second verdict found the same issue differently. Upon these facts His Honor, from a suspicion that the changed verdict on the second issue was influenced, or may have been, by the conversation of the juror with the plaintiff's counsel, awarded the new trial to the extent of that issue; but the jury in their second verdict responded on the other issues as well, and if in preservation of the purity of jury trials it was proper to set aside the verdict at all, it should have extended to the whole case.

We declare our opinion to be that the court was in error in granting a new trial restricted to the second issue merely, and that it should have been of all the issues. The judgment is therefore affirmed as to the grant of a new trial of the second issue, and reversed in so far as it refused a new trial of the other issues in the cause. Let this be certified.

Error.                                          Reversed.