## D. L. BOING v. RALEIGH & GASTON RAILROAD COMPANY.

*Railroads—Negligence—Damages.*

1. The decision in *Roberts* v. *Railroad,* 88 N. C., 560, to the effect that the measure of plaintiff's damages in an action against a railroad for killing a cow, is the difference between the value of the animal, living, and of its dead body, as beef, is approved.

2. A new trial is awarded upon the issue as to damages, but the findings upon the other issues will remain undisturbed.

(*Roberts* v. *Railroad,* 88 N. C., 560; *Burton* v. *Railroad,* 84 N. C., 192; *Lindley* v. *Railroad,* 88 N. C.; 547, cited and approved.)

CIVIL ACTION tried at Spring Term, 1883, of VANCE Superior Court, before *Gilmer, J.*

The defendant appealed.

*Messrs. Young & Henry,* for plaintiff.
*Messrs. Hinsdale & Devereux,* for defendant.

SMITH, C. J. The plaintiff's action is to recover damages for his cow run over and killed by the train of the defendant from the negligence and mismanagement of its officers and servants in charge.

The only exception presented on the defendant's appeal is to the refusal of the court to charge the jury that the measure of the plaintiff's damages was the difference between the value of the cow, living, and of its dead body, as beef.

The killing is not itself a conversion of the animal to the use of the defendant, but it remained still the property of plaintiff and at his disposal, and whatever price it would then and there command, should go in mitigation of damages. · This is the rule where the injury does not cause death, and as cows are used for food, there is no sufficient reason for not making the deduction asked in the present trial.

The case falls directly within the ruling in *Roberts v. Railroad,* 88 N. C., 560, which, as we were told in the argument, had not been reported when the trial took place. We are content to refer to this as a decisive adjudication which must control.

There is error and there must be a new trial upon the issue of damages, while the other findings will remain undisturbed, as was the course pursued in *Burton* v. *Railroad,* 84 N. C., 192; *Lindley* v. *Railroad,* 88 N. C., 547. The cause will be remanded to this end.

Error. *Venire de novo.*