JOHN W. STROTHER and wife MINNIE L. STROTHER v. THE
ABERDEEN and ASHBORO RAILROAD COMPANY.

(Decided November 9, 1898).

*Torts, Liability of Railroad Company—Damages—
Evidence—Admissions of Husband—New Trial Upon
One Issue.*

1. A railroad company is liable in damages for an insulting proposition
   made by its conductor to a passenger on his train.
2. An immodest remark by the passenger to the conductor will not
   justify the tort of the conductor, but may be considered in mitiga-
   tion of damages.
3. The husband of a plaintiff in an action for tort is not a necessary party,
   and if joined as a mere formal party, in the absence of proof of
   agency his admissions made prior to suit, are inadmissible as
   evidence.
4. The admission of incompetent evidence, of slight importance is ground
   for new trial, when it appears the appellant suffered prejudice
   thereby.
5. An appeal by plaintiff upon exceptions applying to the *quantum* of
   damages, the defendant not appealing, presents an instance where
   the new trial should be confined, if allowed, to that issue only

CIVIL ACTION for a tort tried before *Robinson, J.,* at
June Term, 1898, of the Superior Court of GUILFORD
County.

The tort complained of was an insulting proposition
made by the conductor of defendant's train upon which
the female plaintiff was a passenger.

The conductor, examined as a witness for defendant,
testified that the proposition was induced by an immod-
est remark made to him by his passenger.

The defendant was allowed to prove by this witness,
over plaintiff's objection, that before suit brought he
offered to the husband to give $20 to say no more about

it, and that Strother said he would see me in the morning, but did not come.

Plaintiff excepted, and, from a verdict and judgment for $50, appealed.

*Mr. J. T. Morehead*, for plaintiff (appellant).

*Messrs. Douglas & Simms* and *Shaw & Scales*, for defendant.

CLARK, J.: This action was brought by the wife for a tort, an insulting proposition made to her by the conductor of the defendant corporation, while a passenger on its train. The sufficiency of the cause of action is not controverted, for the defendant does not appeal, and besides it is amply sustained by *Daniel* v. *Railroad*, 117 N. C., 592, especially authorities cited at page 608, and *Williams* v. *Gill*, 122 N. C., 967.

The plaintiff appeals for errors alleged as to the second issue, the *quantum* of damages. The first exception is that the Court admitted evidence, over the plaintiff's objection, of admissions or *quasi* admissions from the silence of the husband. The husband was not required to be made a party by *The Code*, Section 178. *Schuler* v. *Millsaps*, 71 N. C., 297. He has no interest or share in the recovery (Const., Art. X, Section 6) and is only a formal party, and his prior admissions are not thereby made competent against the real party in interest. 2 Taylor Evidence, Sections 741, 742; 1 Greenleaf Evidence, 173. It is true that the husband when joined as a necessary party is *pro hac vice* agent of his wife, and she is bound by the acts of counsel selected by him, in the absence of collusion (*Vick* v. *Pope*, 81 N. C., 22) and therefore his admissions after action brought would be evidence against her, but this is on the ground of

agency and not of his being a party to the record, and hence his admissions made, as in this case, before action brought, being before the agency began, are not admissible. *Towles* v. *Fisher*, 77 N. C., 437.

There are many cases holding that the admission of irrelevant or even "incompetent evidence of slight importance is not ground for new trial unless it appear that the appellant has suffered prejudice by its admission." *Glover* v. *Flowers*, 101 N. C., 134; *Patterson* v. *Wilson*, Ibid, 594; *State* v. *Shoemaker*, Ibid, 690. But, here, the evidence erroneously admitted was prejudicial, being an offer of the conductor to pay $20 and the failure of the husband to promptly and indignantly reject it. All this was before suit brought, when in no sense was the husband (in the absence of evidence to that effect) the agent of the wife, and the inference sought to be drawn is his *quasi* admission that it was not grossly inadequate. This evidence was not made competent by the husband's being afterwards made a formal party to the action.

The other exception that the Judge erred in instructing the jury that if the woman opened the way by an immodest or improper remark to the conductor, it might be considered in fixing the damages, cannot be sustained. Such conduct on her part, if proved, did not justify the conduct of the conductor, but certainly she is not entitled to the same award of punitive damages as one who gave no license by imprudence in speech or conduct.

The only appeal being by the plaintiff upon exceptions applying to the verdict upon the second issue, the defendant not having appealed, this is clearly a case where the new trial should be confined to that issue. *Mining Co.* v. *Smelting Co.*, 122 N. C., 542; *Rittenhouse* v.

*Railroad*, 120 N. C., 544; *Nathan* v. *Railroad*, 118 N. C., 1066; *Pickett* v. *Railroad*, 117 N. C., 616; *Blackburn* v. *Ins. Co.*, 116 N. C., 821; *Tillett* v. *Railroad*, 115 N. C., 662; *Jones* v. *Swepson*, 94 N. C., 700; *Boing* v. *Railroad*, 91 N. C., 199; *Price* v. *Deal*, 90 N. C., 290; *Jones* v. *Mial*, 89 N. C., 89; *Lindley* v. *Railroad*, 88 N. C., 547; *Crawford* v. *M'f'g. Co.*, Ibid, 554; *Roberts* v. *Railroad*, Ibid, 560; *Allen* v. *Baker*, 86 N. C., 91; *Burton* v. *Railroad*, 84 N. C., 192; *Meroney* v. *McIntyre*, 82 N. C., 103; *Holmes* v. *Godwin*, 71 N. C., 306; *Key* v. *Allen*, 7 N. C., 523.

Error.