W. A. BENTON v. R. V. COLLINS, A. C. BENTON and Wife, EMILY,
    CHARLES RICH and Wife, SUSAN, IDA COLLINS,
    VANA COLLINS and S. E. EURE, Trustee.

(Decided October 24, 1899.)

*Wrongful Personal Injuries—Fraudulent Deed in Trust—
Partial New Trials—Power of Superior Court—Limi-
tations and Discretion—Practice—Inadequacy of Dam-
ages—Homestead—Modes of Allotment—Commission-
ers—Sale of Excess.*

1. The power of the Superior Courts and the practice of the
   Supreme Court to grant new trials on some of the issues, and
   let the others stand, are settled in this State.

2. Before granting partial new trials, it should clearly appear that
   the matter involved is entirely distinct and separable from
   matters involved in the other issues, and without danger of
   complication therewith.

3. Where punitive damages are demanded by plaintiff, matters in
   mitigation are admissible to defendant under the general
   issue.

4. The Superior Courts have power to set aside a verdict for inade-
   quacy of damages as well as for excess of damages, and as
   such power is discretionary, it is not reviewable.

5. Where a deed of trust by defendant is adjudged fraudulent as to
   creditors, the Court, by virtue of its equitable powers, takes
   control of the land conveyed, and may order its sale; after
   allotment of defendant's homestead.

6. For the allotment of the homestead, the Court may direct the Clerk
   to appoint three commissioners for that purpose, including all
   the lands embraced in the fraudulent conveyance, in any
   county of the State; and the Court may appoint a commis-
   sioner to sell the excess—both sets of commissioners to report
   to the Court.

CIVIL ACTION to recover damages for wrongful personal
injuries inflicted by defendant R. W. Collins, also to set aside

alleged fraudulent conveyance of his lands, in contemplation of this action, to his codefendants, originally tried before *Timberlake, J.,* and a jury at April Term, 1897, upon which trial issues were found in favor of plaintiff, and damages assessed at $350. The verdict as to damages was on motion of plaintiff set aside for inadequacy, and a new trial granted upon the issue relating thereto—from which ruling the defendant took an appeal, which was dismissed as premature—121 N. C., 66. At the second trial, before *Brown, J.,* at October Term, 1898, the issue as to damages was the only one submitted and was found in favor of plaintiff, and damages assessed by the jury at $600. Judgment for plaintiff—appeal by defendants. The judgment is appended in full.

*Judgment.*

This cause coming on to be heard at October Term, 1898, of the Superior Court of Franklin County, before the Honorable George H. Brown, Judge presiding, it appears to the Court that [at] April Term, 1897, of this court the following issues were submitted to the jury in a former trial of this cause, viz.:

1. Did the defendant R. V. Collins wrongfully damage the plaintiff, as alleged in the complaint?

2. If so, what is the amount of such damage?

3. Was the deed of trust executed by R. V. Collins and wife to S. E. Eure with the fraudulent intent to hinder, delay and defraud said R. V. Collins's creditors?

And that at said trial the jury responded to the first issue, "Yes."

To the second issue, "$350."

To the third issue, "Yes."

And the judge presiding at said trial set aside the finding of the jury of the second issue and allowed the findings of the first and third issues to stand.

The defendants appealed to the Supreme Court, and said Court dismissed said appeal, and at this term the second issue only was submitted to the jury, who for their verdict found therein, $600.

It is thereupon, on motion of C. M. Cooke & Son, attorneys for the plaintiff, ordered and adjudged by the Court that the plaintiff, W. A. Benton, recover of the defendant Ruffin V. Collins $600, with interest from the 24th October, 1898, till paid, and the costs of this action to be taxed by the Clerk.

It is further ordered and adjudged by the Court that the deed made by R. V. Collins and wife to S. E. Eure, dated the 26th day of September, 1894, and registered in Nash County, in book 90, page 324, and afterwards registered in Franklin County, purporting to convey a tract of land in Nash County, described as follows:  Bounded on the north by the lands of James Powell, on the east by Turkey Creek, on the south by the lands of M. Brantley, and on the west by the lands of Ellen Strickland, containing 386 acres; and a tract of land in Franklin County described as follows:  On the west, north and east by the Arrington land, and others, and on the south by the land of Badger Stallings, known as the mill tract, containing 50 acres, was executed with the fraudulent intent to hinder, delay and defraud the creditors of the said R. V. Collins, and is hereby set aside.

It is further ordered and adjudged that subject to the homestead of the defendant R. V. Collins, he is entitled to have said lands sold to pay his said judgment and costs; and to the end that his homestead may be allotted, the Clerk of the Court will appoint three fit and capable persons as commissioners to appraise and allot to the said R. V. Collins his constitutional homestead in said land, who, after being summoned by the sheriff of Franklin County and duly sworn, will appraise and allot said homestead by metes and bounds

from either one of said tracts of land or both, and they will make report to the next term of this court, and the excess over the homestead will be sold by C. M. Cooke, who is hereby appointed commissioner for that purpose, who, after advertising the time and place of sale for four successive weeks in some newspaper published in Franklin County, and one published in Nash County, will sell the same at the courthouse door in the town of Louisburg at public auction for cash, and he will report his proceedings to this court, and all parties to this action, and all parties hereto claiming under them by any conveyance since the commencement of this action, are foreclosed of any right they may have in said lands, and this cause is held for further orders.

G. H. BROWN, JR.,
*Judge, etc.*

It is further ordered that the Clerk of this court, after enrolling this judgment, will transmit a certified copy to the Clerk of the Superior Court of Nash County, who is hereby ordered to enroll the same on the docket of the Superior Court of Nash County.

G. H. BROWN, JR.,
*Judge.*

*Statement of Case on Appeal.*

This was a civil action heard first before *Timberlake, J.,* and a jury at April Term, 1897. The plaintiff, at the time of suing out his summons, applied for and obtained an order of arrest for the defendant R. V. Collins.

The plaintiff filed his complaint, and amended the same as set out in the record.

The defendants filed their answer to complaint, as also appears in record.

The following issues were submitted to the jury, viz. :

1. Did the defendant R. V. Collins wrongfully damage the plaintiff, as alleged in the complaint?

2. If so, what is the amount of such damage?

3. Was the deed in trust executed by R. V. Collins and wife to S. E. Eure with a fraudulent intent to hinder, delay and defraud said R. V. Collins's creditors?

By consent of the defendant the Court, before any evidence was offered, answered the third issue, "Yes."

The jury answered the first issue "Yes," and the second issue, $350.

Upon the coming in of the verdict, the plaintiff moved the Court to set aside the answer of the jury to the second issue, and for a new trial upon said issue, upon the ground that the damages assessed by the jury were inadequate.

The defendant opposed this motion. The Court allowed the plaintiff's motion, ordered the finding of the jury upon the second issue to be set aside upon the ground that the damages were inadequate, and awarded a new trial upon said issue alone.

The defendant excepted to this ruling, and from the order so made appealed to the Supreme Court. Notice of appeal was waived. Bond fixed at $25. This appeal was carried up by the defendant, and dismissed by the Supreme Court as prematurely made. (See N. C. Supreme Court Report, Vol. 121—66.)

The cause same on to be heard before G. H. Brown, Jr., at Fall Term, 1898.

The defendant Ruffin Collins renewed his exception to the setting aside of the verdict of the jury at April Term, 1897, upon said issue No. 2, as to amount of damages and the granting of a new trial thereon; and under the decision of the Supreme Court, in the opinion dismissing the appeal as pre-

maturely made, his exception was reserved to him by the Court, and the appeal to the Supreme Court was renewed by the defendant on the ruling of *Timberlake, J.,* at April Term, 1897.

The three issues which had been eliminated in the first trial were the issues upon which the trial proceeded.

They were as follows, to-wit:

1. Did the defendant R. V. Collins wrongfully damage the plaintiff as alleged in the complaint?

This issue was answered by a jury, at April Term, 1897, "Yes," and was not submitted to the jury again.

2. If so, what is the amount of such damage?

3. Was the deed of trust executed by R. V. Collins and wife to S. E. Eure with the fraudulent intent to hinder and delay and defraud said R. V. Collins's creditors?

This issue was likewise answered "Yes" by consent of counsel at April Term, 1897, before the introduction of evidence.

The jury (that is the one empannelled at Fall Term, 1898), answered the second issue, "$600."

The defendant moved the Court for a new trial upon the ground of the several errors alleged, and exceptions taken.

The motion for a new trial was denied, and defendant excepted.

There was judgment for plaintiff as set out in the record, to the form and substance of which the defendant excepted and appealed therefrom to the Supreme Court.

Notice of appeal given and waived in open court.   Appeal bond fixed at $25.   Time allowed appellant to state case on appeal.

It is agreed that the same allowance in the taking of testimony, and without any other restriction, is given to the defendant in the trial before Judge Brown when the single

issue was tried, as was given in the trial before Judge Timberlake when three issues were tried.

*Mr. F. S. Spruill,* for appellant.
*Messrs. C. M. Cooke & Sons,* for appellees.

MONTGOMERY, J.    In the first trial of this action—an action for damages growing out of an assault and battery committed by defendant Ruffin Collins upon the plaintiff— all of the issues were found for the plaintiff.    In response to the issue as to the amount of damages which the plaintiff was entitled to recover, the jury answered $350, and his Honor set aside that part of the verdict on the ground that the damages assessed were inadequate, and let the others stand.    On appeal from that ruling this Court declared the appeal premature; and upon a second trial the defendant Ruffin Collins renewed his exception to the order on the first trial setting aside that part of the verdict as to damages and the granting of a new trial on that issue alone.    The two issues which were eliminated from the second trial, and which were found by the jury for the plaintiff on the first trial, to-wit, the first and third issues,were in these words: (1) "Did the defendant R. V. Collins wrongfully damage the plaintiff as alleged in the complaint?" (3)  "Was the deed of trust executed by R. V. Collins and wife to S. E. Eure with the fraudulent intent to hinder and delay and defraud said R. V. Collins's creditors?"

Upon the second trial, the jury, in response to the single issue as to damages, answered $600.    His Honor gave judgment for the plaintiff and against the defendant R. V. Collins for that amount, and after reciting that the conveyance by the defendant R. V. Collins and his wife of his lands lying in Nash and Franklin counties had been conveyed in fraud

of his creditors, ordered that, subject to the homestead exemption of defendant R. V. Collins, the lands so fraudulently conveyed be sold to satisfy the plaintiff's judgment, and the Clerk was instructed to appoint three commissioners to appraise and allot to the defendant R. V. Collins his homestead therein, who should report their proceedings to the next term of Franklin Superior Court; and it was further ordered that the excess over the homestead should be sold by a commissioner then named by the Court, and that his report should be returned to the next term of that court.

The case is before us on two exceptions, one to the ruling of his Honor in the first trial setting aside the verdict for inadequacy of damages, and the ordering of a new trial on that one issue alone; and the other to the judgment as to its form and substance as to the allotment of the homestead and the sale of the excess.

Both points raised on the appeal are important as matters of court practice and procedure, and as matter affecting the substantial property rights of the defendants.

On the question as to the power of the Superior Courts to grant new trials on one or more of several issues, and to let the others stand, and the practice of this Court to order new trials on particular or restricted issues, the authorities are numerous, and cover a long series of years. The following are some of them: *Strother v. Railroad,* 123 N. C., 197; *Mining Co., v. Smelting Co.,* 122 N. C., 542; *Rittenhouse v. Railroad,* 120 N. C., 544; *Nathan v. Railway,* 118 N. C., 1066; *Pickett v. Railroad,* 117 N. C., 616; *Blackburn v. Insurance Co.,* 116 N. C., 821; *Tillett v. Railroad,* 115 N. C., 662; *Jones v. Swepson,* 94 N. C., 700; *Bowen v. Railroad,* 91 N. C., 199; *Price v. Deal,* 90 N. C., 290; *Jones v. Mial,* 89 N. C., 89; *Lindley v. Railroad,* 88 N. C., 547; *Crawford v. Manufacturing Co., Ibid,* 554; *Roberts v. Railroad, Ibid,*

560; *Allen v. Baker,* 86 N. C., 91; *Burton v. Railroad,* 84
N. C., 192; *Meroney v. McIntyre,* 82 N. C., 103; *Holmes v.
Godwin,* 71 N. C., 306; *Key v. Allen,* 7 N. C., 523; *Barnes
v. Brown,* 69 N. C., 439.

Before such partial new trials, however, are granted, it
should clearly appear that the matter involved is entirely dis-
tinct and separable from the matters involved in the other
issues, and that the new trial can be had without danger of
complications with other matters. Such partial trials are
not of strict legal right, but of sound legal discretion. There
was no violation of the limitation in such matters in the case
before us. The issues were clearly separable, and each one
could have been answered without dependence or complication
upon the others.

The contention of the defendant is that on the second trial
various matters favorable to the defendant on the issue as to
the amount of damages *might have been* cut off, which would
have been relevant and competent on the first trial under the
first issue, and that therefore the defendant might have suf-
fered by the manner in which the case was tried on the second
trial. The argument of the defendants' counsel is that upon
the first issue as submitted in the first trial, "Did the defend-
ant R. V. Collins wrongfully damage the plaintiff as alleged
in the complaint?" all the circumstances attending the assault
are drawn out. If there be anything to repel malice to miti-
gate the damages, any conduct on the part of the plaintiff pro-
voking the assault, foul language, insulting words, it comes
out in the investigation of the evidence on the first issue, and
the same jury hears the evidence as to the extent of the
wound, the loss of time, pain, permanence and effect of
injury, and that the jury which hears the whole could judge
more impartially all of the issues than another jury could,
hearing only the testimony on the issue as to damages. The

answer to that argument is, that whatever evidence could have been introduced on the first trial upon the first issue in mitigation of damages—such matters as the defendants' counsel urged in his argument—could be, as a matter of law, gone into on the second trial upon the issue as to damages. If no attempt was made by the plaintiff in the second trial to show malice in the defendant in making the battery upon the plaintiff, then the damages could have been only actual damages. If malice or aggravation was attempted to be proved to recover punitive damages, then it was permissible for the defendant to show the conduct of the plaintiff as to provocation in mitigation of damages. "The general rule is, that anything which is a complete answer to the action must be pleaded either in bar or in justification; but it is also well settled in many cases that matters which go to the *quantum* of damages merely to palliate the character of the offense, or to mitigate the amount which the jury may award, may be given in evidence under the general issue." Sedgwick on Measure of Damages, 547. In *Frazier v. Berkley,* 7 Car. & Payne, Lord Abinger said: "In actions for personal wrongs and injuries, at *nisi prius,* a defendant who does not deny that the verdict must pass against him may give evidence to show that the plaintiff in some degree brought the thing upon himself." That is the rule applicable to the case before us. If this were not the rule, the plaintiff in actions like the one before us might get full compensation for damages which he might have partly caused by his own conduct. "Malice and provocation in the defendant are punished by inflicting damages exceeding the measure of compensation, and in the plaintiff by giving him less than that mentioned." *Robinson v. Rupert,* 23 Pa. St., 554.

As to the matter of setting aside of the verdict by his Honor because of inadequacy of damages, this is so far as we

can find the first case in the history of judicial proceedings in the State. And it may be further said that it has been generally thought that our courts could not set aside a verdict for inadequacy of damage. Nevertheless, it may be said to be true that it is generally considered that there is no reason which can be advanced in favor of setting aside verdicts because of excessive damages, which does not apply to setting them aside for inadequacy of damages. It seems to be settled upon examination of numerous authorities, that at common law the courts claimed and had the power to set aside verdicts for inadequacy of damage; but it further appears from the earlier cases that it was most seldom done. And, too, in the cases where such verdicts were set aside, they were extreme cases—cases where the jury had been palpably influenced by caprice, or gross partiality, or some other unworthy motive, and where the damages did not amount in point of fact to damages at all, but were mere attempts to evade substantial damages. The English Judges, however, as we have said, did not doubt their power to set aside such verdicts but declared in many cases that they would not do it because they had no rule to go by. This was especially the case in actions of tort for damages for personal injuries. In a recent English case, *Philips v. Railway Co.,* Queen's Bench Div. Law Reports, 1878-'79, Vol. 4, p. 406, the common-law rule was relaxed. The action was for damages for personal injuries sustained through the defendant's negligence, and there was a motion for a new trial on the ground of inadequacy of damages. It appeared upon the facts proved that the jury must have omitted to take into consideration some of the matters involved in the plaintiff's claim for damages. The counsel for the defendant in that action contended that a new trial could not be granted on account of the damages being too small, because the action was for unliquidated

damages, unless there had been some misdirection on the part of the Judge, or some misconduct on the part of the jury. The Court said: "We think the rule contended for has no application in a case of personal injury, and that it is perfectly competent to us if we think the damages unreasonably small to order a new trial at the instance of the plaintiff. There can be no doubt of the power of the Court to grant a new trial where in such an action the damages are excessive. There can be no reason why the same principle should not apply where they are insufficient to meet the justice of the case. The rule must therefore be made absolute for a new trial."

There are conflicting decisions on this question in the courts of several of the States, but we believe that the conclusion arrived at by the English Court, in the case quoted from, is the correct conclusion, and we will adopt it as the conclusion of this Court. Holding then, as we do, that the Superior Courts of this State have the power to set aside verdicts for inadequacy of damages, we logically conclude that such power is discretionary with them, and that it is not reviewable by us. The power to correct prejudiced and grossly unfair verdicts must be vested somewhere, and, in our judgment, it is best that such power be confided to the Judges who preside over the trials. They are presumed to be learned in the law, impartial in their judgments and upright in their conduct, and, with most rare exceptions, they have measured up to the standard of that presumption.

As to the order contained in the judgment in reference to the allotment of the homestead to the defendant R. V. Collins, and the sale of the excess by a commissioner, we see no error. The deed of conveyance from the defendants R. V. Collins and wife to Eure, was found to be fraudulent, and all the parties thereto, including the beneficiaries, were before

BENTON *v.* COLLINS.

the court. The court, as a court of equity, got control of the lands conveyed in the deed, and it had the power to order their sale after the defendant's hometsead had been allotted him, and the disposition of the proceeds to satisfy the claim of the plaintiff under his judgment. The objection raised by defendant's counsel to the manner in which the Court ordered the allotment of the homestead to be made is without force. It is true that the law has declared two ways of alloting a homestead, one by petition, and the other under execution. But there are other methods besides those. In *Littlejohn v. Egerton,* 77 N. C., 379, the Superior Court of Franklin County was instructed by this Court to appoint three commissioners to lay off the homestead of the plaintiff with instructions to give notice at the time to the defendants, and "in all particulars to observe, as near as may be, the requirements of the Constitution and of the Homestead Act." That the Clerk was instructed by his Honor to appoint the three commissioners is not objectionable, for the Clerk is but the hand of the court in this matter. Neither is it objectionable that the lands are situated in two counties. The Court has the power to make the order, and a report is to be made to the next term of the Superior Court of Franklin County, after the allotment of the homestead and the sale of the excess, by the commissioners in each matter. *Hines v. Moye,* 125 N. C. The last clause of the judgment to which exception is made by the defendants, if erroneous, is harmless, for the reason that none but parties to the action are bound by the judgment in the cause, unless notice of *lis pendens* has been properly filed, and of that we are not informed. There was no error in the proceedings below.

Affirmed.