HALL v. HALL.

(Filed October 21, 1902.)

1. DIVORCE—*Verdict—Jury—Acts 1899, Chap. 211—The Code, Sec. 1288.*

   In an action for divorce, a verdict by eleven jurors, consented to by both parties, is valid if for the defendant, but invalid if for plaintiff.

2. DIVORCE—*New Trial—Issues—Judgment.*

   A new trial may be granted in an action for divorce on the issues of adultery by plaintiff without granting it on the issues of desertion by the defendant, and judgment should be rendered upon the verdict as to desertion.

ACTION by Fannie M. Hall against Allan Hall, heard by Judge *Thomas A. McNeill* and a jury, at May Term, 1902, of the Superior Court of MOORE County. From a refusal to render judgment for the defendant, he appealed.

No counsel for the plaintiff.
*U. L. Spence,* for the defendant.

CLARK, J. This is an action by the wife for a divorce under Chapter 211, Laws 1899, alleging that her husband abandoned her 21 November, 1898, and since said date has lived separate and apart from her, and has contributed nothing to her support. The answer denies this allegation and sets up as recrimination adultery by plaintiff with three parties named, and asks for a divorce from her.

The jury returned as their verdict, as to the first and second issues, that the parties were married and had been residents of this State for two years next before the beginning of this action. As to the third issue, "Did the defendant abandon the plaintiff and live separate and apart from her as alleged in the complaint?" the jury came into open court and stated that they stood eleven to one upon that issue;

whereupon the counsel for plaintiff proposed that the finding of the eleven upon this issue should be returned by consent as the verdict of the whole jury, which was agreed to by the defendant's counsel and the jury then responded "No" to that issue.  At the same time, the jury announced their hopeless inability to agree upon the fourth, fifth and sixth issues, which were as to the charges of adultery by the wife with the three persons named in the defendant's answer. A juror was withdrawn and a mistrial ordered as to those three issues.  The defendant then tendered a judgment "that as to plaintiff's cause of action the defendant go without day and recover his costs, and that the plaintiff be not allowed a divorce."  This judgment the Court declined to sign upon the ground that the verdict on the third issue was by a majority of the jury, to which the defendant excepted and appealed.

It is in the power of the Superior Court to grant a new trial on one or more of several issues and to let the verdict on the others stand (*Benton v. Collins,* 125 N. C., 90; 47 L. R. A., 33, and list of cases there cited), but this is in the discretion of the Court and not a right of the party (*Nathan v. Railroad,* 118 N. C., 1070), and it must "clearly appear that the matter involved is entirely distinct and separate from the matters involved in the other issues, and that the new trial can be had without danger of complications with other matters."  *Benton v. Collins, supra; Beam v. Jennings,* 96 N. C., 82.  Such seems to be the case here, and, besides, the plaintiff is not appealing.

An appeal lies from the refusal of a judgment to which the party is entitled.  *Griffin v. Light Co.,* 111 N. C., 434; *Kruger v. Bank,* 123 N. C., 16.

There was consent that the verdict on the third issue should be returned by eleven jurors.  The authorities seem to be uniform that in civil cases this may be done, but as to crim-

HALL *v.* HALL.

inal cases there is a division in the authorities, this State being among those which hold that it can not be done. *State v. Scruggs,* 115 N. C., 805; see authorities collected 17 Am. and Eng. Enc. (2d Ed.), 1098. Divorce, being a civil action, the only question as to the validity of the consent to a verdict by a jury of eleven arises upon the following provision in The Code, Sec. 1288: "The material facts in every complaint asking for a divorce shall be deemed to be denied by the defendant, whether the same shall be actually denied by pleading or not, and no judgment shall be given *in favor of the plaintiff* in any such complaint until the facts have been found by a jury." The object of this provision is to prevent the obtaining of divorces by collusion, but here the consent to a verdict by eleven jurors results in a verdict against the plaintiff and against the divorce, and is not prohibited. If the verdict had turned out the other way, it would have been invalid. It was the folly of the plaintiff to have made so unequal an agreement, unless her object was at all events to abandon her action. When the remaining issues are tried on the defendant's cross-action, he will become *pro hac vice* plaintiff in the purview of section 1288. It was in the discretion of the Judge to have refused a partial new trial, but, having granted that without setting aside the verdict on the first three issues, it was error to refuse judgment in favor of the defendant as to the plaintiff's cause of action upon those issues, as found. The case must be remanded for judgment in accordance herewith. The judgment tendered was erroneous, however, in asking judgment for costs against the wife.

Error.