## SATTERTHWAITE v. GOODYEAR.

(Filed December 17, 1904).

1. BROKERS—*Contracts—Time—Commissions.*

> Where a vendor of land empowers a broker to sell the same at a
> certain price, provided the matter was closed up within thirty
> days, the time so limited began to run from the date of mail-
> ing the letter containing such authority, and the broker is not
> entitled to commissions if the owner sells after the expiration
> of the thirty days.

2. INSTRUCTIONS—*Verdict.*

> Requests for instructions concluding with the words, "plaintiff can-
> not recover," should not be given.

3. NEW TRIAL—*Issues.*

> Where exceptions are taken only to one issue, a new trial will be
> restricted to that issue.

4. COSTS—*Appeal—The Code, sec. 527.*

> The taxing of the costs on appeal, by partial new trial being
> granted, is in the discretion of the court.

ACTION by S. C. Satterthwaite against Charles Goodyear
and others, heard by *Judge E. B. Jones,* and a jury, at Feb-
ruary Term, 1904, of the Superior Court of HAYWOOD
County. From a judgment for the plaintiff the defendants
appealed.

*Shepherd & Shepherd,* for the plaintiff.
*H. R. Ferguson,* for the defendants.

CLARK, C. J. On 20 March, 1901, the plaintiff, a real
estate agent in Waynesville, N. C., who had been collecting
rents on the realty of the Goodyear estate in and near that
town and had sold some of it, wrote to Walter Goodyear in
New York City: one of the defendants, and in the course of

his letter he said, "I am trying to negotiate a deal for farm and Richland Park, including cottage. I made an offer of $19,000 for the entire property, $6,000 cash, balance in one and two years at 6 per cent., or farm $9,000 and the other $10,000 same terms. * * * Kindly let me know if I can make a concession of $500 on each property, if it is necessary to make the deal." To this, Charles Goodyear, the other defendant replied, 26 March, 1901, "Replying to yours of 20th would say we would be willing to accept the price mentioned for the farm and the Richland Park property, provided the matter could be closed up within thirty days, as I have good use now for just about this amount of money. I understand your proposition to be $8,500 for the farm and $9,500 for the Richland Park property, $6,000 cash, and balance in equal payments at one and two years at 6 per cent. Charles Goodyear was sole executor of his father by whose will Richland Park was devised to the widow.

While the plaintiff was collector of rents from and manager of the property, the above letter of 20 March shows that he did not have authority to sell this property for less than $10,000, for the letter was either an offer or an application for authority to sell the realty named at prices therein stated, the Richland Park property being put at $9,500. The reply of 26 March, whether it be an acceptance of an offer or a power of attorney, was restricted to prices therein named, and was limited to thirty days. The plaintiff did not report the name of the person with whom he was negotiating, and he made no sale at any price. On 22 April, 1901, Charles Goodyear telegraphed to the plaintiff, "Can you carry out your proposition of 20 March?" To which the plaintiff replied, "Prospective purchaser now in New York; am trying for $10,000." On 28 April, 1901, Charles Goodyear, as executor or as agent for his mother, or both (it is immaterial)

sold the Richland Park for $8,000 to Jones, who was the party with whom the plaintiff had been negotiating. The plaintiff brings this action against Walter Goodyear, Charles Goodyear individually, and Charles Goodyear, executor in part, to recover $400, being 5 per cent. commissions on the sale of the Richland Park made by Charles Goodyear.

The contract is set out in the letters of 20 March offering to sell Richland Park at $9,500 and the reply accepting that offer "provided the matter was closed up within thirty days." The plaintiff-contends that the thirty days should be counted from the receipt by him of the letter on 28 March. But whether Charles Goodyear's reply was an acceptance, or a power of attorney, it bound him from the date of mailing the same (9 Cyc., 295; *Adams v. Lindsay,* 1 B. & Ald., 68; *Benjamin on Sales,* sec. 44), and necessarily bound him only for the thirty days he therein specified. Had he refused altogether, and a prior authority to sell had been shown, of course a revocation of such authority would not deprive the agent of his commissions on a sale made before a valid revocation reached him. But this is not that case.

It was error to refuse the plaintiff's seventh prayer, that as the plaintiff allowed thirty days to elapse without making any sale, the jury should answer the first issue "Nothing." The Court should also have given the eighth prayer, that there was no evidence that either of the defendants conspired with the purchaser to defeat the plaintiff of his commissions. The other six prayers were defective in that each concludes "plaintiff cannot recover," which this Court has so often held to be properly refused under the present system, under which there is no general verdict "that the plaintiff recover," but the jury respond to issues. *Witsell v. Railroad,* 120 N. C., 557.

There is no exception as to the verdict upon the second issue as to charges for collecting rents, and hence the new trial

will be restricted to the first issue. *Benton v. Collins,* 125 N. C., 83, 47 L. R. A., 33, and cases cited. But as this issue alone was contested on appeal and the costs on a partial new trial are in the discretion of the Court, The Code, sec. 527 (2), the costs of the appeal will be taxed against the appellee.