NOAH RUSHING, by next friend, v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 19 November, 1908).

Defendant's Appeal.

1. Measure of Damages—Evidence—Earning Capacity.

In an action to recover damages for personal injury caused by defendant's negligence, testimony tending to show the decreased earning capacity of plaintiff since the injury, is competent, and he may be asked what wages he received before and since the time thereof.

2. Contributory Negligence—Evidence—Safe Appliances.

When there is evidence tending to show that plaintiff was injured while in defendant's employment, by a log falling on him which he was carrying at the time, caused by defendant's negligent orders and negligent failure to furnish proper tools for the purpose, it is competent, to negative contributory negligence, to ask the plaintiff if he caused the log to fall on himself.

3. Negligence—Evidence Conflicting—Question for Jury—Nonsuit.

A motion as of nonsuit upon the evidence should be denied, in an action to recover damages alleged to have arisen from defendant's negligence, when the testimony tends to show that the injury was caused by an improper order of a vice principal, given to plaintiff in the course of his employment, and that the plaintiff was not negligent in doing the work.

4. Contributory Negligence—Evidence—Safe Appliances—Assumption of Risks.

The employer, a railroad company, owes a duty to the employee to furnish safe and suitable tools and appliances for work to be done by him, and the employee does not assume the risk of doing the work without them unless the act was obviously so dangerous that, in its careful performance, the inherent probabilities of injury were greater than those of safety.

5. Same—Proximate Cause.

When the injury complained of was the failure of the railroad to furnish certain implements, called "lug hooks," for moving heavy timber, which plaintiff was employed to help move, it is proper for the trial Judge to instruct the jury that, if they should find, by the greater weight of the evidence, that for such service "lug hooks" were usually used by railroads for the work, it was the duty of the railroad to have furnished them; that if they further found, by the greater weight of the evidence, that the character of the work was such that a man of ordinary prudence would be led to see that their use were safer, the failure to provide them would be negligence, which, if the proximate cause, would render defendant liable.

6. Negligence—Master and Servant—Fellow Servants.

A negligent and careless act of a fellow servant in throwing down the end of a log which the plaintiff, in the scope of his employment, was helping to carry, will render the employer (a railroad company) liable in damages, if the proximate cause of an injury to the plaintiff.

7. Pleadings—Connected Meaning—Evidence—Admissions.

When a part of a paragraph of a pleading offered in evidence is so connected with the other part not offered that the whole is necessary to give a connected meaning, it is incompetent.

ACTION tried before *Jones, J.,* and a jury, June Term, 1908, of ANSON. Both sides appealed.

*Robinson & Caudle* for plaintiff.
*J. D. Shaw, Day & Allen* for defendant.

DEFENDANT'S APPEAL.

CLARK, C. J. Action of damages for injuries caused by defendant's negligence. Under orders of the foreman the plaintiff and three others took in their hands a stick of timber, which was lying partly submerged in the water, and walked sideways with it, and while trying to climb up a five foot embankment the plaintiff stumbled and fell. The stick of timber fell on him, injuring him. Plaintiff testified that the defendant had for years used lug hooks in such work, which grasp a stick of timber; that if the lug hooks had been used on this occasion he would have walked forward, instead of

sideways, at some distance from the stick of timber, and could hardly have stumbled and fallen; and if he had, the lug hooks would have held the timber so that it would not have fallen on him at all; that he asked the foreman if they should use the lug hooks with that log, but the foreman told them not to do so, but to carry the log in their hands.

The defendant's exceptions cannot be sustained. It was competent for the purpose of showing his decreased earning capacity to ask the plaintiff what wages he received before the injury, and what he was receiving, in his condition, at the time of trial. *Wallace v. R. R.,* 104 N. C., 442. It was also competent, to negative contributory negligence, to ask him if he caused the stick of timber to fall on himself.

The motion to nonsuit was properly denied. The case was properly one for the jury.

The defendant having offered in evidence part of paragraph five of the complaint, it was proper to refuse to admit it, unless the whole paragraph was offered. The paragraph was not separable into two, as in *Hedrick v. R. R.,* 136 N. C., 513, but was so connected that the part not offered in evidence was necessary to explain that which was offered.

The Court charged the jury, "It was the duty of the defendant railroad company to furnish the plaintiff with safe and suitable tools and appliances with which to do the work required of him by the defendant. The plaintiff will not be held to have assumed the risk in undertaking to perform a dangerous work, unless the act itself was obviously so dangerous, that in the careful performance the inherent probabilities of injury were greater than those of safety." The defendant could not complain of this. *Orr v. Telegraph Co.,* 132 N. C., 694.

The Court committed no error in charging the jury, as follows (which was duly excepted to): "That if the jury should find, by the greater weight of the evidence, that lug hooks were, at the time of the injury, used by railroads doing like work, such as moving heavy timbers, then it was

the duty of the defendant to furnish the foreman with lug hooks; and should you further find, by the greater weight of the evidence, that the timber which the plaintiff was handling was such timber, because of weight, length, ground and surroundings, as would lead a man of ordinary prudence to see it was safer to use lug hooks than to use his hands, then failure of defendant to provide, and have them for use, would be negligence, and should the jury find that this negligent act was the proximate cause of the injury, they should answer the first issue 'Yes.' "

And the Court also correctly charged, though excepted to: "If the jury should find, by the greater weight of the evidence, that while the plaintiff was carrying the log he stumbled and fell, and, while down, his fellow servants, when they could have prevented the injury by holding the log, negligently and carelessly threw down their end of the log, when, by the exercise of ordinary prudence, they could have held it and prevented the injury, then it would be chargeable to the negligence of defendant's employees, and if this negligence of fellow servants was the proximate cause of the injury, the jury would answer the first issue 'Yes.' "

Several of the exceptions taken are abandoned, because not brought forward in the defendant's brief. Rule 34. Those not thus abandoned, and not discussed by us above, are without merit.

No error.

PLAINTIFF'S APPEAL.

1. Measure of Damages—Past and Prospective—Permanent Injury —Evidence.

Upon an issue addressed to the quantum of damages, in an action for personal injuries, it is error to charge the jury that the inquiry could not extend to the future, but should be limited to damages sustained in the past, thus basing the charge solely upon the testimony of a physician that the injuries were not

of a permanent character, when there is other evidence tending to show that the injuries were of a permanent character.

### 2. Same.

.As a measure of damages for personal injuries, negligently inflicted, the injured party is entitled to recover for past and prospective loss resulting from the wrongful act, including indemnity for actual expense incurred in nursing, medical attention, loss of time, loss from inability to perform mental or physical labor, incapacity to earn money, and for actual suffering of mind and body, when they are the immediate and necessary consequences of the negligent injury.

### 3. Appeal and Error—Issues, New Trial as to Some—Discretion of Supreme Court.

It is within the discretion of the Supreme Court to grant a new trial upon one or more issues, and let the others stand, when it clearly appears that the matters involved are entirely separate and distinct from the matters involved in the other issues, and that a new trial can be had without danger of complications with other matters; especially so when both sides appeal in an action for damages for personal injuries sustained, and error is found only in the plaintiff's appeal upon the measure of damages.

CLARK, C. J. The Court instructed the jury: "Whatever you may allow, if you do allow damages, is the end of it. He could not sue any more if his pain and suffering were to go on. The doctor says that the injury is not permanent. The presumption is that it is ended. If you allow damages, therefore, you will not allow for any pain, or suffering, or diminished capacity for labor beyond the present. Your inquiry as to damages will not extend to the future, but shall be limited to such damages as he has sustained up to the present moment." The plaintiff's exception to this must be sustained. There was other evidence for the plaintiff that his injury was permanent. It was error to take the doctor's opinion as conclusive. It was error to hold that there was a presumption that all the injury was ended. It was also error to charge that the inquiry as to damages could not extend to the future, but should be limited to the damages sustained up to the trial.

The true rule is, that where the plaintiff has been injured by the negligent conduct of the defendant, he is entitled to recover damages for past and prospective loss, resulting from the defendant's wrongful and negligent act; and this may embrace indemnity for actual expense incurred in nursing, medical attention, loss of time, loss from inability to perform mental or physical labor, and of capacity to earn money; and for actual suffering of body and mind, which are the immediate and necessary consequences of his injury. *Wallace v. R. R.,* 104 N. C., 442; *Hansley v. R. R.,* 115 N. C., 611; 3 Sutherland on Damages, 261 (1st Ed.); *Burns v. R. R.,* 125 N. C., 309. .

These errors affect only the issue as to damages and in no wise relate to the findings upon the other issues. In such cases, the Court, in its discretion, usually grants a new trial only upon the issue as to damages. The practice is thus stated in *Hall v. Hall,* 131 N. C., 186 (in a case in which the issues were not as severable and distinct as an issue as to damage usually is from the issues determining liability): "It is in the power of the Superior Court to grant a new trial on one or more of several issues and to let the verdict on the other stand (*Benton v. Collins,* 125 N. C., 90; 47 L. R. A., 33, and a list of cases there cited), but this is in the discretion of the Court and not a right of the party (*Nathan v. R. R.,* 118 N. C., 1070), and it must clearly appear that the matter involved is entirely distinct and separate from the matters involved in the other issues, and that the new trial can be had without danger of complications with other matters." When such is the condition, the almost uniform practice in this Court also is, in its discretion, to restrict the new trial to the issue or issues affected by the error. See *Strother v. R. R.,* 123 N. C., 199, and numerous cases there cited. To same effect, *Gray v. Little,* 126 N. C., 385; *Wilkie v. R. R.,* 128 N. C., 114; and many other cases since.

. This is especially a case in which the new trial should be limited to the issue as to damages, 'for the defendant excepted and appealed, and on examination of his exceptions we found no error as to the other issues. We grant a new trial on the only issue brought up for review by plaintiff's appeal.

· Partial new trial.