STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. THOMAS McCARTHY, PLAINTIFF IN ERROR.

Argued June term, 1923—Decided January 11, 1924.

**Evidence—Immoral Nature of Subject-Matter Notwithstanding Trial Judge's Directions Probably Prejudicial to Defendant and a Venire de Novo Ordered.**

On error to the Atlantic Quarter Sessions for conspiracy to extort money.

For the plaintiff in error, *Romulus P. Rimo.*

For the state, *Herbert R. Voorhees.*

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

The opinion of the court was delivered by

MINTURN, J.    The facts are unprintable, and yet after perusing the evidence as a matter of judicial duty, one is tempted to agree with the philosophy of Terence, *"Deteriores onmes sumus licentia."* Our review of the testimony, as well as of the action of the court in dealing with a trying situation of moral stupefaction, which would agonize the equinimity of a God, leads us to the conclusion that the plaintiff in error was doubtless prejudiced by the court's intervention; and while the learned court quite properly attempted to correct such a tendency by directing the jury to disregard the testimony so adduced, it must be manifest that to the average juror of the vicinage, breathing as he did here, an atmosphere of revolting moral putridity, nothing short of the possession of the angelic virtues wonuld suffice to disinfect the normal memory and restore the scales of justice to the palsied hand. We think, therefore, the laudable effort of the learned trial court to cure the diffculty was not sufficient to insure to the

defendant the fair and impartial trial to which the law entitles him. *Malone's Crim. Br.* 445; *State* v. *Terry,* 91 *N. J. L.* 539; *Sprinkle* v. *Foote,* 71 *N. C.* 306.

The judgment of conviction will therefore be reversed, and a *venire de novo* will issue.