STATE v. J. D. STEWART.

*Special Verdict—Obstructing road—User.*

1. A special verdict which fails to find the defendant guilty or not guilty as the court may adjudge the law to be, upon the facts found, is defective.

2. The guilt of the accused must be passed upon by the jury, and though the verdict is dependent upon the opinion of the court as to the law, yet it is none the less a jury-verdict when the question of law is decided.

3. The special verdict in this case, rendered on a trial for obstructing a road, is also defective, in that, it does not find that the user of the road by the public was as of right and adversary.

(*State* v. *Wallace*, 3 Ired., 195; *State* v. *Moore*, 7 Ired., 228; *Boyden* v. *Achenbach*, 86 N. C., 397 and 79 N. C., 539; *Ray* v. *Lipscomb*, 3 Jones, 185; *State* v. *Bray*, 89 N. C., 480, cited and approved.)

INDICTMENT for obstructing a road, tried at Spring Term, 1884, of ROWAN Superior Court, before *Gilmer, J.*

STATE *v.* STEWART.

The defendant is charged with obstructing " a certain mill road and church road leading from the Gold Hill road in said county to the Stokes Ferry road in said county for the distance of two miles, said road being a mill and church road leading to and from St. Paul's church in said county, and to and from Miller's mill in said county, and used by the public as a mill and church road," and upon the trial of defendant's plea of not guilty, the jury rendered a special verdict in this form :

" The jurors find that for 35 or 36 years previous to the finding of this inquisition, there was a road used by the public, and leading to churches and mills and running for the distance of two miles from the Stokes Ferry road to the Gold Hill road, the last two named roads being public highways to and from the town of Salisbury ; that the said road connecting the said last named public highways was used by the public without obstruction for said 35 or 36 years; that in October, 1883, the defendant built a fence and felled trees across the same, preventing all travel thereon by the public, the said fence enclosing a pasture on his own land; that on or about the 1st day of April, 1884, the defendant also, on his own land, placed obstructions on the said road at another point which prevented the public from passing over the same; that in order to pass from the Stokes Ferry road to the churches and mills aforesaid, it was necessary to go two miles farther than by the obstructed road, by reason of said obstruction ; that this obstructed road was never worked by the public authorities, nor was any overseer ever appointed for the same "—omitting to find the defendant guilty or not guilty as the court may adjudge the law to be.

Upon this special finding the court adjudged that the defendant is not guilty, and from this ruling the state appeals.

*Attorney-General,* for the State.
*Mr. John S. Henderson,* for defendant.

SMITH, C. J. The indictment is drawn under section 2065 of THE CODE, which declares that:

"If any person shall wilfully alter, change or obstruct any highway, cart-way, mill-road, or road leading to and from any church or other place of public worship, whether the right of way thereto be secured, in the manner herein provided for, or by purchase, donation or otherwise, such person shall be guilty of a misdemeanor, and fined or imprisoned, or both."

A preceding section (2062) provides for the laying out of roads "to and from any church or other place of public worship, for altering and discontinuing them by the board of supervisors in the several townships as may be conducive to the convenience of the public, and section 2065 throws around these the same protection which is accorded to the public highways, whether such as are laid out under the provisions of the act, or where the public right of user is acquired in some other way.

The verdict is fatally defective, and no judgment could be pronounced upon it, in that, it does not submit the facts found to the judge for his determination of the law arising thereon, and find the defendant guilty or not guilty as he may adjudge the law to be. The guilt of the accused must be passed on by the jury, and though dependent upon the opinion of the judge as to the law, is not less the verdict of the jury when the question of law is decided.

In the words of GASTON J., delivered in the opinion in *State v. Wallace*, 3 Ired., 195 : "They (the jury) do find the defendant guilty, if in the opinion of the court he is guilty ; and not guilty, if in the opinion of the court he is not guilty." The *finding one way or the other must be a finding of the jury, or the verdict is bad.*

A special verdict is in itself a verdict of guilty or not guilty, as the facts found in it do, or do not constitute in law

the offence charged. RUFFIN, C. J., in *State* v. *Moore*, 7 Ired., 228.

Another equally serious defect in the form of the special verdict is in the omission to find that the user of the road by the public was *as of right and adversary;* for unless it was such it would not impose an easement upon the defendant's land.

If the use was *permissive,* it works no such injurious result to the ownership of the land. This is fully settled in *Boyden* v. *Achenbach,* 86 N. C., 397, and the previous cases cited in the opinion upon the authority of which that ruling is based. As was remarked by READE, J., when the same case was previously before the court (79 N. C., 539):

"In this country, where land cannot be cultivated without being enclosed, it would be a burden which farmers would not bear if they had to make lanes of every pathway which has been used over their land for twenty years."

And with equal force is the language of PEARSON, J., in *Ray* v. *Lipscomb,* 3 Jones, 185: "As was said in the argument, considering the state of things among us for many years past, in regard to one neighbor's passing over the unenclosed land of another, either on foot or on horseback, or with his wagon, any other conclusion would have resulted in great and general inconvenience."

We do not wish to be understood as holding the special verdict free from other imperfections, but we point out these as fully warranting the judge in refusing to pronounce judgment against the accused, if indeed the form of the indictment after a general verdict would justify him in doing so. For the reasons stated no judgment could be pronounced. There must be a new trial. *State* v. *Bray,* 89 N. C., 480.

Error.                                     *Venire de novo.*