JAMES W. TILLETT v. LYNCHBURG AND DURHAM RAIL-ROAD COMPANY AND NORFOLK AND WESTERN RAILROAD COMPANY.

*Passenger—Contributory Negligence—Inconsistent Instructions to Jury—Effect of New Trial Granted one of two Defendants—New Trial as to Some of the Issues.*

1. Where a passenger comes upon the premises of a railroad company, at the station, with a ticket, or with the purpose of purchasing one, he becomes a passenger.

2. Where an open passenger car is standing on the track, not coupled to the rest of the train, and the conductor warns a passenger not to enter such car until it has been coupled and moved to a point exactly opposite the depot, it is contributory negligence for the passenger to enter the car before it has been coupled and moved to the point designated by the conductor : and this is true even if the car, before it was coupled and moved, was standing at the place, where passengers usually board the train.

3. When the Court below in instructing the jury, states a correct proposition upon a certain point of law, and then upon the same point in another part of the charge, states a proposition which is incorrect or defective, a new trial will be granted, as the jury are not supposed to know when the Judge states the law correctly.

4. When the lessor railroad company is sued *jointly with its lessee* company for damages, caused by the alleged negligence of the lessee, and after verdict the lessor moves for judgment upon the verdict, but makes no motion for a new trial, while the lessee company moves for a new trial, and both motions are refused, and both defendants appeal from the judgment rendered against them: *Held,* that the effect of granting a new trial to the lessee is to vacate the judgment as to both defendants.

5. Where the errors committed pertain only to the issues as to negligence and contributory negligence, a new trial will be granted as to these issues alone, and the issue as to damages, and the other issues not affected by the error, will be undisturbed.

This was a CIVIL ACTION for damages, tried before his Honor *Shuford,* J., and a jury, at April Term, 1894, of PERSON Superior Court.

The plaintiff alleged that while he was attempting to board a passenger car on a " mixed train " of the defendant Norfolk and Western Railroad Company at Roxboro, N. C., certain freight cars were negligently backed, with great violence, against the passenger car, and the plaintiff was severely injured on his head, and thereby lost his eyesight. The action was brought against both the Norfolk and Western and the Lynchburg and Durham Railroad Companies, and the plaintiff sought to hold the latter company liable upon the ground that it had leased its roadbed and franchises to its codefendant the Norfolk and Western Railroad Company,

and thereby remained liable for the act of negligence of its lessee. The defendants filed separate answers.

The following issues were submitted :

" 1. Did the plaintiff purchase a passenger ticket from Roxboro to Mt. Tirzah Junction before entering defendant's car, and was he a passenger holding a ticket on defendant's train at the time of the alleged injury ? Answer: No.

"2. Was the Lynchburg and Durham Railroad in the possession of the Norfolk and Western Railroad Company, and being exclusively controlled and operated by said Norfolk and Western Railroad Company, under a lease from the Lynchburg and Durham Railroad Company, at the time of the alleged injury ? Answer: Yes.

" 3. Was the plaintiff, while rightfully on the train of the defendant the Norfolk and Western Railroad Company injured by the negligence of said defendant ? Answer: Yes.

" 4. Did the plaintiff by his own negligence contribute to his injury ? Answer: No.

" 5. What damages, if any, has the plaintiff sustained ? Answer. $9,000."

After the verdict was rendered, the defendant the Lynchburg and Durham Railroad Company moved for judgment upon the verdict, which was denied. This defendant made no motion for a new trial. The Norfolk and Western Railroad Company moved for a new trial, for errors assigned, and this was denied. The Court below gave judgment against both defendants, from which both appealed. The Norfolk and Western assigned numerous errors, which it is not necessary to set forth. The other facts necessary are stated in the opinion of the Court.

*Messrs. Jones & Tillett* and *W. W. Kitchin,* for plaintiff.
*Mr. W. A. Guthrie,* for defendant (appellant).

TILLETT *v.* RAILROAD COMPANY.

PER CURIAM : Among other instructions asked by counsel for defendant, were the following :

" 8. If the jury believe, and should find, from the evidence, that Walker, the conductor, told the plaintiff to wait at the platform of the station and he would have the passenger car pulled up in front of the station for him to get on, and the plaintiff disregarded what the conductor said to him · and went aboard the car before it was coupled, then he took upon himself all the risk incident to so doing, contributed to his own injury, and, in this aspect of the case, plaintiff cannot recover."

" 16. If the jury find, from the evidence, that the conductor, before the plaintiff boarded the train, told the plaintiff that the passenger car would be pulled up in front of the station for him and other passengers to get aboard before leaving, then whether the plaintiff had procured his ticket beforehand or not, he had no right to get aboard the car until the passenger car had been pulled up to the front of the station, and it was contributory negligence for plaintiff to do so, and the jury should so find."

The Court interlined the former of the two paragraphs by inserting after the word " coupled," the words " and when it was standing at an usual place to receive passengers," and the latter paragraph, by inserting after the word " leaving," the words " and directed the plaintiff to wait."

Where a person comes upon the premises of a railroad company at the s'ation, with a ticket, or with the purpose of purchasing one, he becomes a passenger, and may usually enter an open passenger car standing on the track, and provided for passengers going on the train on which he proposes to take passage. But while the conductor may, on the one hand, excuse a debarking passenger from contributory negligence by advising him to get off a car before it has ceased to move, he may, on the other hand, make the passenger's conduct culpable when he gives him an unheeded warning not to enter such open car till it can be removed to another point.

TILLETT *v.* RAILROAD COMPANY.

There seems to have been some evidence tending to show that the conductor told the plaintiff to step off the side track and wait for the passenger car to be drawn up to the station, though as to this the testimony was conflicting.

The defendant was entitled to the unqualified instruction that if the car designed for the train on which the plaintiff embarked was open so as to receive passengers, whether at the usual or an unusual point on the track, the plaintiff would have been negligent in entering it, after being warned not to do so. This proposition would hold good, if in one paragraph of the instructions given the qualification was inserted, while in another it was omitted, thus leaving the jury at liberty to be misled by the erroneous view of law, rather than guided by the statement of the correct principle. The jury are not supposed to be capable of determining when the Judge states the law correctly and when incorrectly.

But the finding of the jury upon the fourth issue, as well as on the third, drawn as it was, depended upon this very question. The plaintiff was not rightfully on the car, but was himself negligent in entering, if in fact he had been warned by the conductor not to do so. The findings upon the third and fourth issues must, therefore, be set aside and a new trial granted as to the questions involved in those two, leaving the verdict upon the other issues undisturbed. We take this course because, after careful consideration, we have concluded that there was no error in any of the other rulings of the Court excepted to, and embraced in the assignments of error. As to the third and fourth issues, the defendant is entitled to a new trial.

The necessary effect of our ruling, giving to the lessee company a new trial on certain issues, is to vacate the judgment both as to the lessor and lessee corporations; hence, it is unnecessary to determine the liability of the lessor company for the negligence of the lessee company.

New Trial.