J. W. TILLETT v. LYNCHBURG & DURHAM AND NORFOLK & WESTERN RAILROAD COMPANIES.

*Action against Joint Defendants — Lessor and Lessee Railroad Companies—Motion for New Trial—Practice —Error in Omission of Name of one Defendant.*

1. While it is the better practice to assign errors in the charge on a motion for a new trial below, it is not necessary.

2. Where one of two joint defendants joined in the exception to a charge to the jury and in the appeal, and set out the exception in the statement of case on appeal, the fact that such defendant did not join in the motion for a new trial is immaterial.

3. Where, in an action against the lessor and lessee of a railroad, sued jointly and making a common defence through the same counsel, a new trial was granted for an error excepted to by both, and the lessor, being advised that it had an additional defence not open to the lessee, moved separately for a judgment on the verdict, and the lessee moved for a new trial, but the motion for a new trial and the exception to its refusal were signed by counsel "for defendants" and the appeal was taken by both defendants; *Held*, that the mere inadvertence of counsel in entitling the motion for a new trial in behalf of the lessee only will not overrule the fact that he signed such motion in behalf of both defendants, excepted for its refusal, and to the error in the charge, in behalf of both and appealed for both.

PETITION to rehear the same case, reported in 115 N. C., 662.

*Messrs. R. O. Burton, Jones & Tillett* and *W. W. Kitchin,* for petitioner.
*Mr. Wm. A. Guthrie, contra.*

CLARK, J. : A new trial was granted to both defendants, 115 N. C., 662. This is a petition to rehear the case and leave in force the judgment below as to the lessor·company. As the case would still go back for a new trial as to the lessee company, we might have this anomalous state of things if the petition were granted : On a new trial below, the jury might find either that there was no negligence or that the plaintiff was guilty of contributory negligence, and there would be a judgment standing against the lessor for $9,000 and costs for a wrong sustained by the plaintiff through the agency of the lessee, and a verdict and judgment in the same action that the lessee company had done him no wrong but was entitled to recover costs against him for his false·clamor. The Court will be slow to so rule as to make possible such a condition. It must clearly appear that the lessor has been guilty of such neglect or failure to except, as to put it beyond its power to claim the benefit of the new trial equally with its co-defendant.

In this case both defendants were represented by the same counsel, and while separate answers were filed the lessor company adopted the answer of the lessee and " relied upon all the defences therein pleaded." Both defendants excepted to the verdict and judgment. The lessor moved for a judgment in its favor on the verdict, and the lessee for a new trial upon certain grounds assigned in the motion, among them the ground on which this Court declared there was error below, and which was an excep-

tion recited in the motion as having been made by the appellants (in the plural). This motion was signed " W. A. Guthrie, attorney for defendants" (both defendants). The Court refused both motions and the entry states that " the motion for a new trial was overruled, to which the defendants (both defendants) excepted." The court rendered judgment against both defendants for $9,000 damages and costs, and the record states : " From which judgment both defendants appealed to the Supreme Court." The defendants were sued jointly—they made a common fight— they had the same counsel. The ground on which this Court granted a new trial was an error in the charge which could be excepted to after verdict. *Lowe* v. *Elliott*, 107 N. C., 718. And which was excepted to by both appellants. The lessor company thought it had an additional defence, not open to the lessee, and moved separately for judgment on the verdict, but it is clear that it did not abandon the grounds for a new trial which it possessed in common with its co-defendant. The motion for a new trial was signed by counsel as attorney for defendants (in the plural), the exception for overruling the motion was made by him in behalf of the defendants (in the plural) and the appeal was taken by him for both defendants. The mere inadvertence of counsel in entitling the motion for a new trial in behalf of the lessee, will not overrule the fact that he signed such motion in behalf of both, excepted for its refusal and to the error in the charge in behalf of both, and appealed for both. In fact, the charge (in this particular on which this Court found there was error) having been excepted to by both defendants, and both having appealed, it would have been immaterial if the lessor had not joined in the motion below for a new trial. In *McKinnon* v. *Morrison*, 104 N. C., 354, it is said, it would be "the better practice to assign errors in the charge on a motion for a new trial"

below, but that it is not necessary.    That the defendant joined in the exception to the charge and in the appeal set out the exception in the statement of case was sufficient even if it had not joined in the motion for a new trial. *Taylor* v. *Plummer*, 105 N. C., 56.

Petition Dismissed.