## WILKIE v. RAILROAD.

(Filed April 9, 1901.)

1. DAMAGES—*Mental Anguish—Instructions—Loss of Mental Power.*

   Where damages are sought to be recovered for mental anguish or loss of mental power, there must be evidence of such suffering introduced on the trial.

2. DAMAGES—*Speculative—Evidence—Personal Injuries.*

   In an action for personal injuries, evidence as to how much a person might have gained by trading is speculative, and incompetent to show earning capacity.

ACTION by C. D. Wilkie against the Raleigh and Cape Fear Railroad Company. Petition to rehear. Petition allowed. For prior report, see 127 N. C., 203.

*Douglass & Simms,* for the petitioner.
*Womack & Hayes,* for the defendant.

MONTGOMERY, J. This case is now being considered on a petition to rehear, granted on the application of the defendant, appellant. The original hearing was at the September Term, 1900, and the case is reported in 127 N. C., 203. It appears now to the Court that we overlooked the exceptions of the defendant to the last two paragraphs of his Honor's charge. They are in the following words, the one: "These (damages) are understood to embrace indemnity for loss of time or loss from inability to perform ordinary labor or loss of capacity to earn money, and for actual sufferings of body and mind," and the other: "Plaintiff is to have a reasonable satisfaction (if he is entitled to recover) for loss of both bodily and mental powers and for actual suffering, both body

and mind, which are the immediate and necessary consequences of the injury."

We are of the opinion that in cases where damages are sought to be recovered for mental anguish—sufferings of the mind—there must be evidence of such suffering introduced on the trial. The authorities in the several States are in conflict on this subject, but we will adhere to the rules laid down in *Smith v. Railroad,* 126 N. C., 712. There, we said that an instruction of his Honor that the plaintiff could recover for mental anguish endured by him was erroneous in the absence of evidence of mental anguish.

Neither in this case was there evidence of loss of mental powers, and his Honor was in error in submitting that question to the jury in the absence of evidence. The plaintiff did, it is true, testify that he had a fainting or unconscious spell at the time of the accident, but there was no evidence of permanent impairment of the plaintiff's mental capacity.

As to the evidence in respect to the earning capacity of the plaintiff in reference to his furnishing the hands under his charge with rations, and the instructions of his Honor on that evidence, we think the new trial ought also to be extended.

There was error in the trial below in the respects pointed out in this opinion, *i. e.,* as to the measure of damages, and there must be a new trial on the matters embraced in the third issue—"What damages, if any, is the plaintiff entitled to recover."

Petition allowed.                    Partial new trial.