This action was brought to recover the amount of a note and to foreclose a mortgage given to secure its payment. The plaintiff alleged in his complaint that on 30 August, 1894, the defendants made and delivered to him a note under seal for the sum of $100 due 1 August, *Page 384 
1896, and to secure its payment they executed a mortgage upon the land therein described, and that no part of the note has been paid; he therefore demands judgment for the amount of the note and for the foreclosure of the mortgage. The defendants in their answer deny the execution of the note, but admit the execution of the mortgage and aver that it was given upon the condition that the plaintiff should make them a deed for one of the tracts of land described in the mortgage, which contains twenty acres. The plaintiff refused to make the deed, and upon demand refused also to return the mortgage.
The plaintiff introduced evidence which tended to show that the defendants executed the note and mortgage and that no part of the note had been paid. That on or about 30 August, 1894, plaintiff contracted to sell and did sell and convey a tract of land to one E. L. Billings, and as part payment of the purchase money he agreed to accept and the defendants agreed to give their note, secured by the mortgage, in the sum of $100, Billings having agreed for that amount to sell to the defendants a tract of land the title to which was then in Billings, and that plaintiff, who was a justice of the peace, wrote on the back of the deed to Billings the following transfer: "For value received of Hardin Johnson, I convey to him all the right and title vested in me by virtue of (489) the within deed. 1 August, 1894. E. L. Billings (Seal). T. J. Billings (Seal)."
The plaintiff, as a justice of the peace, then took the acknowledgment of Billings and his wife and the privy examination of Mrs. Billings. There was no agreement that plaintiff should make the defendants a deed or that he should see that Billings made the deed to them for the land. The deed, with the indorsement thereon, was delivered to the defendant in the plaintiff's presence, the parties believing at the time that the written transfer was sufficient to pass title to the defendants. Billings has never paid to the plaintiff anything for the land.
When the plaintiff proposed to introduce the deed to Billings and the indorsement thereon written by himself, together with the acknowledgment and privy examination, the defendant objected, and the objection being overruled and the papers admitted, the defendant excepted on the following grounds: "1. That said indorsement was not a deed and could not be held a sufficient consideration for the execution of the note and mortgage. 2. That the acknowledgment and privy examination were invalid because the plaintiff was interested in the transaction."
The defendants introduced evidence tending to show that they did not execute the note, but that they did execute the mortgage, and that in consideration thereof Billings agreed to execute and the plaintiff agreed to see that Billings did execute to the defendant Hardin Johnson a good *Page 385 
and sufficient deed with covenant of warranty for the land that the defendants had bought from Billings, which contained 20 acres, and that neither the plaintiff nor Billings had complied with the agreement.
The defendant's witness, E. L. Billings, testified that he had agreed to make to the defendants a deed for the 20-acre tract, and thought that he had done so by the delivery of the deed from the plaintiff (490) to him and the written transfer and probate which are on the back of the deed; that if it is not a good deed, he is still willing to make one that will be valid and sufficient to transfer the title to the defendant.
By consent of the parties issues were submitted to the jury by the court, which, with the answers thereto, are as follows:
1. Did the defendant execute to the plaintiff the note sued on in this action? Yes.
2. If the defendant executed said note, in what amount is he indebted to the plaintiff? $103.61, without interest.
The court charged the jury that if they found by the greater weight of the evidence that the plaintiff agreed to convey the land to the defendants, or that he would see that Billings conveyed it, and that the defendants received a good title to the same, they should answer the second issue "Nothing"; that the indorsement on the deed, with the acknowledgment and privy examination, did not constitute a conveyance, but was only such a contract or covenant as could be enforced by the defendants against Billings and his wife; and, further, that if they found from the evidence the contract was as claimed by the defendants, then the indorsement was not a compliance with the contract as made between the parties. It appears in the case that "the defendant excepted to the foregoing charge," without stating the particular grounds of the exception.
The defendants requested the court to charge the jury as follows:
1. That unless plaintiff complied with his contract, if any, made contemporaneous with the execution of the mortgage, he could not recover in his suit.
2. That the transfer on the back of the deed from Billings does (491) not pass a good and valid title to the defendant Johnson.
3. That if Joines did not complete his contract with the defendant Johnson on the day of the trade, and by reason of this the defendant demanded a rescission of the contract, then the plaintiff is not entitled to recover.
4. That if the plaintiff failed to complete the trade agreed upon when the defendant was in position to comply with his part of the trade, he cannot compel the defendant to comply with said contract when the defendant is not now in a financial condition to do so, if said condition was caused by the plaintiff's wrong or neglect. *Page 386 
The court gave the instruction asked in defendant's second prayer, and refused to give those contained in the third and fourth prayers. In reference to the first prayer it is stated in the case "that the court did not give paragraph 1 of the defendant's prayers in the words used, but tried to state, and thinks it did state, in the charge as heretofore given the contention which is presented in said prayer."
The defendants excepted to the refusal of the court to give the instructions as contained in prayers 1, 3, and 4. Judgment was entered on the verdict, and the defendants appealed.
The exception to the charge is rather too general to be considered by this Court. The charge embraces more than one proposition, and one, at least, was favorable to the defendants. The exception should have specified the ground of objection. McKinnon v. Morrison, 104 N.C. 354. But, waiving the generality of the exception, we think the charge was in itself correct and was sufficient to present the defendant's contention. The execution of the note was denied by the defendant and the jury found the issue based upon that denial in favor of the plaintiff. The only other matter of defense related to the transaction in regard to the deed from Billings. The defendants testified that the plaintiff (492) had promised to see that a good title was conveyed by Billings, and the court instructed the jury that if they found this to be true, they should find against the plaintiff upon the second issue. If they had so found it would have defeated the plaintiff's right of recovery. We cannot, therefore, understand why the defendants should have objected to this instruction. The court further told the jury that if the agreement was as stated by the defendant Johnson in his testimony the delivery of the written transfer, which was indorsed on the deed, and the acknowledgment and privy examination, would not be a compliance with it. Was not this all that the defendants could properly have asked or expected? The court virtually charged the jury in accordance with the defendant's claim as set forth in their answer and testimony, though the words of the answer were not used. If the defense was good, the charge must be unobjectionable.
We will now consider the instructions asked by the defendants:
1. The instruction contained in the first prayer was substantially given and the answer of the jury in response thereto depended altogether upon what was the contract. The court charged that if the plaintiff had made the contract as alleged by the defendants, there had not been a compliance with it. This was a direct response to the prayer. If the contract was that Billings should make title to the defendant, then the plaintiff was not responsible for his failure to do so. When we examine the verdict in connection with the evidence and the charge of the court, *Page 387 
we must conclude that the jury found that the plaintiff had not agreed to execute a deed for the land to the defendants or to see that a good and sufficient title was conveyed to them.
2. The instruction in the second prayer was given.
3. The instruction in the third prayer was substantially given, when the charge is properly construed with reference to the contention of the defendants and the evidence in the case. Besides, the jury (493) found, as we have said, that the plaintiff did not contract as alleged by the defendants, so that no harm could have come to the defendants if the instruction had not been given.
4. There was no evidence to support some of the allegations of fact in the fourth prayer. What was said with regard to the third prayer is applicable to this one. The court told the jury that if the plaintiff failed to comply with the contract, which they found to be as alleged by the defendants, the plaintiff could not recover, and they should answer the second issue "Nothing." This was all the defendants could reasonably ask under the circumstances.
As the jury found necessarily that the contract was not made as defendants alleged and, therefore, that no obligation was imposed upon the plaintiff to make a title to the defendant Hardin Johnson or to see that one was made, we cannot perceive how the indorsement on the deed could become material. The fact that the plaintiff had made a deed to Billings and that the defendants had agreed to execute a mortgage to the plaintiff could not disqualify the plaintiff in his character as justice of the peace to take the acknowledgment of the written transfer from Billings to defendants. Suppose it did, how can it affect the question involved in this case, namely, whether the plaintiff had agreed to have title for the land made to the defendants? If that was the contract, it was a distinct transaction and had no such direct connection with the Billings transfer as to render the plaintiff incompetent as justice of the the peace to take the probate. But in any view of the case we think he was qualified to act in the matter. The question, though, intended to be raised was clearly irrelevant to the controversy.
Upon a full and careful review of the record, it appears to us that the case was properly tried.
No error.
Cited: Stewart v. Carpet Co., 138 N.C. 63; Jones v. Ins. Co.,153 N.C. 391; Patterson v. Nichols, 157 N.C. 405. *Page 388 
(494)