BRYAN v. RAILROAD CO.

(Filed March 29, 1904).

INSTRUCTIONS—*Evidence—Trial.*

> The trial judge should not give instructions not supported by evidence.

DOUGLAS, J., dissenting.

ACTION by W. B. Bryan against the Southern Railroad Company, heard by *Judge B. F. Long* and a jury, at May Term, 1903, of the Superior Court of CATAWBA County. From a judgment for the plaintiff the defendant appealed.

*Thos. M. Hufham* and *Self & Whitener,* for the plaintiff.
*S. J. Ervin* and *A. B. Andrews, Jr.,* for the defendant.

MONTGOMERY, J.   The plaintiff, an employee of the defendant company at the time when he was hurt, was engaged with a squad of hands under a boss in loading a box car with heavy timber.   In his complaint, as it was first drawn, the negligence alleged was that the defendant was engaged in the work with an insufficient force of hands.   The complaint was amended, after the answer was put in, as follows: "That the defendant company was negligent in that said Whitley, foreman and boss of defendant's force of laborers as aforesaid, negligently ordered said Sigman to hold said stringer or piece of timber on said car in an unsafe manner with a stick slanting downward from the car to his (said Sigman's) shoulder which was dangerous to plaintiff and done without notice to him.   The defendant excepted to one of his Honor's instructions to the jury which was as follows: "If the jury should find that Whitley and one of the hands, without notice to plaintiff, quit the work at a critical

juncture in the lifting and placing and thus prevented the completion of the lifting, and left the plaintiff and his associates at the work in a perilous position, from which plaintiff could not, by reasonable care, extricate himself, and you find that this negligence of Whitley was the proximate cause of the injury, you will answer the first issue (as to the defendant's negligence) "Yes."

There was no evidence to support such an instruction.

The exception to the rule as to the measure of damages laid down by his Honor must also be sustained. His Honor instructed the jury: "If the plaintiff is entitled to recover he is entitled to have a reasonable satisfaction for the loss of both bodily and mental powers." The exception was upon the ground that there was no evidence of any loss of mental power. Upon a careful inspection of the evidence we find that there is none to that effect. *Smith v. Railroad,* 126 N. C., 712; *Wilkie v. Railroad,* 128 N. C., 113.

New Trial.

DOUGLAS, J., dissents.