ROSCOE JONES v. LIFE INSURANCE COMPANY OF VIRGINIA.

(Filed 22 September, 1909.)

**1. Insurance—Fraud and Deceit—Instructions Unresponsive—Questions for Jury.**

In an action of fraud and deceit against a life insurance company, in which it was alleged that defendant obtained the policy from plaintiff by falsely and fraudulently representing that he would receive back his premiums paid, and interest thereon, at the expiration of ten years, there was evidence that plaintiff was told by one P., after he had received and paid premiums on his policy, that the policy was worthless in that respect; that this was repeated to defendant's agent who then said that the policy was "as good as gold." *Held,* error for the judge to instruct the jury to find the issue on the question of fraud and deceit in the affirmative if they found that the agent had said that the policy was "as good as gold," as such was not responsive to the issue. It likewise prevented the jury from finding the truth or falsity of the statement of P.

**2. Instruction on Different Issues—Error Not Cured as to One.**

An erroneous instruction upon one issue cannot be cured by an instruction upon a different issue, when it does not purport to do so, and when it does not appear which instruction influenced the verdict of the jury on the first issue.

**3. Insurance—Fraud and Deceit—Evidence Sufficient.**

The evidence in this case upon the question of whether the insured was induced by the defendant insurance company to take the policy by fraud and deceit. *Held,* sufficient to go to the jury. (*Whitehurst v. Insurance Co.,* 149 N. C., 273, and other cases upon the sufficiency of such evidence, cited and approved.)

APPEAL by defendant from *Cooke, J.,* February Term, 1909, of CRAVEN.

The facts necessary to the appeal are stated in the opinion of the Court.

*D. E. Henderson* and *Simmons, Ward & Allen* for plaintiff.
*W. W. Clark* for defendant.

WALKER, J. This action was brought to recover damages for fraud and deceit practiced upon the plaintiff, with reference to certain policies of insurance upon his life and the lives of his children, which the defendant issued to the plaintiff and induced him to take by reason of false and fraudulent representations. The court submitted issues to the jury, which, with the answers thereto, are as follows:

1. "Did the defendant falsely represent to the plaintiff that, under the policies in controversy, the plaintiff would be repaid

the amount of premiums paid by him, with about four per cent interest thereon, at the expiration of ten years?" Answer: "Yes."

2. "If so, did the plaintiff rely on said representations and was he induced thereby to accept said policies?" Answer: "Yes."

3. "Has the plaintiff waived the right to rely upon the failure to deliver to the plaintiff policies that provided for the return of premiums paid and about four per cent interest, at the expiration of ten years?" Answer: "No."

There was an issue as to the damages, which was answered by consent of the parties. The fraud alleged was that the defendant, by its agent, represented that at the expiration of ten years the plaintiff, or, as the complaint alleges, plaintiff or the beneficiaries, would receive the amount which had been paid in the way of premiums, with interest on the same. It was stipulated that if the insured died at any time while the policies were in force the plaintiff or the beneficiaries would receive their face value.

There are some discrepancies to be found in the allegations of the complaint, the issues and the evidence, but we need not notice them now, as the defendant is entitled to another trial, because of an error in one of the instructions of the court to the jury, which was as follows:

"If the plaintiff, after his interview with Mr. Pelletier, as testified to by him, reported to the agent of the defendant what Pelletier had said, and the agent told him the policies were as good as gold, you will answer the first issue 'Yes.'"

This instruction was erroneous, for the reason that it was not pertinent to the first issue as framed by the court, as that issue related to representations made when the policies were issued, and required the jury to find, not whether the policies were "as good as gold," but whether the defendant had falsely represented to the plaintiff that, at the expiration of ten years, he would receive the total amount of premiums paid by him, with interest. What the agent said with reference to the statement of Pelletier, when fairly interpreted, may have been true. If it had referred to the time when the policies were issued, and meant that the plaintiff would be paid the amount of the premiums and interest, the instruction would still be faulty, as the court does not thereby require the jury to pass upon the truth or falsity of the statement. It is true that the court afterwards gave the following instruction:

"If the agent told him the policies were as good as gold and he would get what was promised him, you will answer the first

issue 'Yes'; and if the effect of what the agent at that time told him was to assure him and lull his fears and apprehensions, then you will answer the third issue 'No.' "

But that did not cure the error, for the reason given, as to the other instruction. · It does not direct the jury to consider or pass upon the falsity of the statement made by the agent. The instructions of the court did not fit the issue, and were, at least, misleading. If the last instruction had been correct, it does not purport to correct the error apparent in the first one, and in that case we could not say which instruction controlled the jury. *Edwards v. Railroad,* 132 N. C., 99; *Williams v. Haid,* 118 N. C., 481; *Tillett v. Railroad,* 115 N. C., 662.

The evidence in this case to establish the plaintiff's allegation of fraud is very meager; but upon a careful analysis of it, we cannot say that there is *no* evidence. Whether it is sufficient to satisfy the jury that a false and fraudulent representation was made, which .entitles the plaintiff to recover damages for deceit, which he seeks to do, is a question for the consideration of the jury, upon proper instructions from the court. Several cases of a similar nature have been before this Court. *Caldwell v. Ins. Co.,* 140 N. C., 100; *Sykes v. Ins. Co.,* 148 N. C., 13; *Stroud v. Ins. Co.,* 148 N. C., 54; *Whitehurst v. Ins. Co.,* 149· N. C., 273. We specially direct attention to·these cases, as they state what facts should be found to entitle the plaintiff to a verdict and indicate the form of the issues. They also state the general principles applicable to cases of this kind.

There must be a new trial, because of the error in the charge of the court.

New trial.