J. L. SPRUILL et als. v. TOWN OF COLUMBIA et als.

(Filed 21 September, 1910.)

1. **Cities and Towns—Contracts—Paving Streets—Fraud—Evidence.**
   In an action to declare void for fraud a contract made by the town for paving sidewalks, and enjoin the issuance of bonds to the contractor in payment therefor, the work not having been commenced, it is competent to show (1) that an ordinance of the town provided that no appropriation of money should be made, except at regular meeting, and that the contract was made at a called meeting of the board; (2) that through the efforts of the contractor the number constituting a quorum of the board was changed from four to three to enable him to obtain the contract. The admission of immaterial evidence that the current expenses of the town took all the money raised by the tax levy, would not constitute reversible error.

**2. Same.**

In an action to declare void a contract made by a town for paving its sidewalks upon the ground that the contractor by fraud and collusion with the aldermen procured it to be made, it is sufficient to go to the jury upon evidence tending to show that the defendant contractor procured the changing of the quorum of the board from four to three, in order to obtain the contract at an exorbitant price without the consideration of competitive bids; that one of the board was related to him and declared he would give the contract to defendant at an advanced price, and pecuniary inducements were held out to the others who voted for him; and that the nature of the contract was such as to largely give the selection of the material to the defendant, without any investigation by the board as to the quality of the materials to be used; and that the contract called for an investment largely in excess of the ability of the town to pay.

APPEAL by plaintiff from *Ferguson, J.,* at the Spring Term, 1910, of TYRRELL.

The facts are sufficiently stated in the opinion.

*E. F. Aydlett, H. S. Ward* and *J. C. B. Ehringhaus* for plaintiffs.

*Gaylord & Gaylord* and *W. M. Bond* for defendants.

CLARK, C. J. This was an action to declare void a contract for paving the sidewalks of the town of Columbia, upon the ground that it was obtained by fraud, and to enjoin the defendants, commissioners, from issuing bonds to the defendant, Newberry, for the same. The work has not been performed.

The first exception was to the introduction of an ordinance of the town which provided that no appropriation of money should be made except at a regular meeting of the board of commissioners. This was competent because the contract of the defendant, Newberry, was made at a called meeting.

The evidence that the ordinance required four to constitute a quorum, and that through the efforts of Newberry this was changed to three, who constituted the meeting, when this contract was made, was also competent. The defendants also excepted to the testimony that the current expenses of the town

took all the money raised by the tax levy because it was immaterial. If so, it is not reversible error, *Collins v. Collins,* 125 N. C., 98.

The chief exception is to the refusal of the motion to nonsuit. There was evidence tending to show that the defendant, Newberry, through his personal influence with the board, had obtained the contract for paving the sidewalk, at a price between $5,000 and $8,000, without competitive bidding; that he was instrumental in causing the board to change the town ordinance which required that four should constitute a quorum, so that three members gave him the contract, at an exorbitant price; and one of the three who voted the contract was related to Newberry, and declared himself in favor of paying 25 cents per square yard more to Newberry for the work than to any other person; that at the meeting, though there was another bid in, the majority of the board declined to receive bids and returned them unopened; that afterwards the defendant, Newberry, carried the proposition to the board, already written, and procured the three members to pass it; that the contract was excessive in price, and was made without any investigation as to price, or as to the best material; that it was indefinite and uncertain so that the contractor might put down a first-class pavement, or an inferior one, and still comply with the contract; that it called for a bonded indebtedness, largely in excess of what the town was able to meet; that the defendant, Newberry, helped to elect the board in order to get the contract; that he had suggested to some members of the board that certain personal advantages and profit would come to them by giving him the contract; that he also requested one member of the board, who opposed his having the contract, to resign and take part in the paving, and intimated that he (Newberry) would make it profitable to him.

There was other evidence tending to show that the contract was fraudulent, and obtained by Newberry through collusion with the board. His Honor properly overruled the motion to nonsuit. It was a question for the jury. *Jones v. Ins. Co.,* 151 N. C., 54, and cases cited; *Tuttle v. Tuttle,* 146 N. C., 484.

The jury found that the defendants, commissioners, acted

fraudulently in making the contract with their co-defendant, Newberry, and that he colluded with the commissioners in obtaining the contract. The other exceptions require no discussion.

No error.