## SEABORN R. JONES v. LIFE INSURANCE COMPANY OF VIRGINIA.

(Filed 10 November, 1910.)

1. **Insurance Policy—Fraud or Mistake.**

    The pleadings in this case, brought to reform a policy of life insurance for mistake and fraud, are sufficient. *Jones v. Ins. Co.,* 151 N. C., 54, and other like cases, cited and approved.

2. **Same—Waiver—Instructions—Reversible Error.**

    In an action for the reformation of a life insurance policy for fraud and mistake, the plaintiff's evidence tended to show that the defendant's agent had made fraudulent misrepresentations inducing the contract, that plaintiff would be repaid his premiums and interest at maturity, and the defendant contended that its agent had explained to the plaintiff that the representations were untrue and not contained in the policy, and the latter continued thereafter for years to pay his premiums without objection. The explanation by defendant's agent was denied by plaintiff, who contended that reassuring statements were made several years prior to the time fixed by the defendant's said agent. *Held,* the defendant was entitled to the charge that if the plaintiff continued to pay the premiums with knowledge of the facts he there-

by waived any benefit except as provided by the policy; and it was reversible error for the court to add, "Unless you further find from the evidence that the plaintiff was lulled into security or was led to believe" otherwise, there being no evidence thereof.

3. Insurance — Fraud and Mistake — Waiver — Issue, New Trial on One.

In an action to reform a life insurance policy for fraud or mistake, the sixth issue was upon the question of plaintiff's waiving his right to rely upon the alleged false representations, and in this issue alone error was found on appeal. It being apparent that the matter involved in this issue is entirely distinct and separate from the matters involved in the others, without danger of complication, a new trial is ordered on the sixth issue only.

APPEAL from *W. J. Adams, J.*, at the June Term, 1910, of GUILFORD.

This was an action brought to reform a policy issued by the defendant on 7 September, 1896, to the plaintiff, on the ground of mistake on the part of the plaintiff and fraud on the part of the defendant. The defendant, denying the alleged fraudulent representations, alleged that in September, 1898, the plaintiff surrendered the policy issued in 1896 and accepted a new policy from it; and further that more than a year before the policy issued in 1896 matured, it being a ten-year policy, to-wit, in May, 1905, an agent of defendant fully explained to plaintiff the terms of that policy and told him that the representations made to him át the time the contract was entered into, and upon which he relied, were not true; that the policy contained no such statement, and he would receive no such settlement, to-wit, the payment of what he had paid in weekly premiums and 4 per cent interest thereon at maturity, as plaintiff claimed; and that thereafter plaintiff continued to pay weekly as theretofore until the maturity of his policy in September, 1906. The plaintiff denied tĥat he had received any such information. Upon this evidence the defendant requested the following special instruction: "The court charges you that if you find from the evidence that about two years before maturity of policy sued on, the plaintiff was told that he would not, at its maturity, receive back premiums paid, with four per cent interest, and with that knowledge he continued to pay premiums, he thereby waived any

benefit except as provided by the policy, and you will answer the sixth issue, Yes." His Honor gave this instruction, but added thereto the following: "Unless you further find from the evidence that the defendant, through its agents, after such knowledge was acquired by the. plaintiff, lulled the plaintiff into security or led the plaintiff to believe that he would receive premiums at maturity of the policy, together with interest thereon at the rate of four per cent." The defendant excepted to this addition to its prayer, upon the ground that there was no evidence to support it. There was no contention as to the amount paid by the plaintiff, the defendant admitting that plaintiff had fully performed the contract. His Honor submitted, without objection, the following issues to the jury:

1. Did the defendant, through its agents, represent to plaintiff that it could, and would, issue to said plaintiff an insurance policy on his life, with the provision therein stipulated that at the end of ten years from date thereof the plaintiff might withdraw the whole amount of premiums paid in, with 4 per cent interest thereon?

2. If so, was such representation false?

3. If so, was such representation relied upon by the plaintiff?

3. If so, was the plaintiff induced thereby to enter into said contract of insurance?

5. Did the plaintiff surrender said policy and accept from defendant another policy, as alleged in the answer?

6. Did the plaintiff waive his right to rely upon said false representations?

7. What amount is the plaintiff entitled to recover of the defendant?

The jury answered the issues as follows: The first, second, third and fourth issues, Yes; the fifth and sixth issues, No; the seventh issue, $130 with interest from maturity. Judgment was rendered thereupon for the plaintiff for $130, with interest at 4 per cent from 7 September, 1906, and the defendant appealed to this Court.

·*Spencer B. Adams* and *Scott & McLean* for plaintiff.
*King & Kimball* and *Thomas S. Beall* for defendant.

MANNING, J. This case does not differ, in the false representations alleged and proven to the satisfaction of the jury, from the facts alleged in *Caldwell v. Ins. Co.,* 140 N. C., 100; *Sykes v. Ins. Co.,* 148 N. C., 13; *Stroud v. Ins. Co.,* 148 N. C., 54; *Whitehurst v. Ins. Co.,* 149 N. C., 273; *Jones v. Ins. Co.,* 151 N. C., 54. The entire evidence taken at the trial is embraced in the record and we have carefully examined it   No exception was noted to the admission or rejection of evidence offered; and the exceptions to his Honor's charge are addressed exclusively to his charge upon the sixth issue. We can find no evidence in the record to support the modification and addition to the special instruction requested by the defendant. His Honor evidently followed the instruction given by the trial judge in *Caldwell v. Ins. Co., supra,* which was approved by this Court, but in that case we held there was evidence to support it; in this case, we can find none. The only evidence of reassuring statements coming from the plaintiff was that such statements were made by a superintendent or agent, and it is not material by which made but these reassuring statements were made several years prior to the time fixed by the defendant's witness, Stone. As to Stone's testimony, the plaintiff denied that any such conversation as detailed occurred, and the issue of veracity was thus distinctly presented. The defendant was justly entitled to have the instruction predicated upon Stone's testimony presented to the jury. The addition made to the prayer was obviously prejudicial to the defendant, unless there was evidence to support it, and constitutes reversible error under many decisions of this Court. *Stewart v. Carpet Co.,* 138 N. C., 60; *Burton v. Mfg. Co.,* 132 N. C., 17; *King v. Wells,* 94 N. C., 344; *Joines v. Johnson,* 133 N. C., 487; *Hassard-Short v. Hardison,* 117 N. C., 63; *Harrison v. Tel. Co.,* 136 N. C., 381; *Bryan v. R. R.,* 134 N. C., 538. The same principle underlying it, it has been uniformly held that it is not error for the trial judge to refuse an instruction not based upon evidence.

But we think this error entitles the defendant to have only the sixth issue, the finding upon which alone was affected by the error, submitted to another jury. No exception is taken to the charge of the court upon the other issues. If the jury should,

at the next trial, answer the sixth issue Yes, then the defendant will be entitled to judgment for costs; if it shall be answered No, the plaintiff will be entitled to judgment. In *Holmes v. Godwin,* 71 N. C., 306, approved in *Burton v. R. R.,* 84 N. C., 192, *Bynum, J.,* declares: "The power to award a partial new trial, or an inquiry of damages when they have been erroneously assessed without disturbing the findings which dispose of the merits of the case, is both convenient and useful, however delicate and difficult may be its application in particular cases. It certainly should not be exercised except in a clear case." In *Benton v. Collins,* 125 N. C., 83, it is said that the practice of this Court to order new trials on particular or restricted issues is supported by numerous authorities and cover a long series of years. Many of them are cited in that case. But the Court said, which admonition is quoted in *Jarrett v. Trunk Co.,* 144 N. C., 299: "Before such new trials, however, are granted, it should clearly appear that the matter involved is entirely distinct and separate from the matters involved in the other issues, and that the new trial can be had without danger of complication with other matters." It is obvious to us that the matter involved in the sixth issue submitted by his Honor is entirely distinct and separate from the matters involved in the other issues, and there can be no danger of complications with other matters by limiting the new trial to that issue alone. We so direct.

Partial new trial.