GEORGE W. HUGHES AND WIFE, BETTIE, v. THE LIFE INSUR-
ANCE COMPANY OF VIRGINIA.

(Filed 9 November, 1911.)

**Insurance—Policies—False Representations—Equity.**

This action to recover premiums paid for a policy of life insurance and interest thereon, alleging that it was induced by the false representations of defendant's agents, is controlled by the principles announced in *Whitehurst's case,* 149 N. C., 273; *Jones' case,* 151 N. C., 54; *Jones' case,* 153 N. C., 388; *Sykes' case,* 148 N. C., 13, and similar ones.

APPEAL from *Daniels, J.,* at May Term, 1911, of ALAMANCE.

Civil action, brought to recover on certain policies of insurance issued by defendant.

These issues were submitted to the jury:

1. Did the defendant, through its agents, represent to plaintiffs that it could, and would, issue to said plaintiffs insurance policies on their lives and upon the lives of their children, with provisions therein stipulated that at the end of ten years from dates thereof the plaintiffs might withdraw the whole amount of premiums paid in, with 4 per cent interest thereon? Answer: Yes.

ROSEMOND v. MCPHERSON.

2. If so, were such representations false? Answer: Yes.

3. If so, were such representations relied upon by the plaintiffs? Answer: Yes.

4. If so, were the plaintiffs induced thereby to enter into said contracts of insurance? Answer: Yes.

5. Did the plaintiffs waive their rights to rely upon said false representations? Answer: No.

8. What amount are plaintiffs entitled to recover of the defendants? Answer: The whole amount paid in, with 6 per cent interest from the beginning of policy to the last payment.

From the judgment rendered defendant appealed.

*Dameron & Long and John H. Vernon for plaintiffs.*
*W. H. Carroll for defendant.*

PER CURIAM. A careful examination of the record in reference to the twenty assignments of error discloses no substantial error committed upon the trial.

There is no material respect in which this case differs from the several cases brought by this defendant to this Court heretofore. *Caldwell v. Insurance Co.,* 140 N. C., 100; *Sykes v. Insurance Co.,* 148 N. C., 13; *Stroud v. Insurance Co.,* 148 N. C., 54; *Whitehurst v. Insurance Co.,* 149 N. C., 273; *Jones v. Insurance Co.,* 151 N. C., 54; *Jones v. Insurance Co.,* 153 N. C., 388; *Briggs v. Insurance Co.,* 70 S. E., 1068.

We do not think the subject needs further discussion.

No error.