## J. E. BURROUGHS v. KATE BURROUGHS.

(Filed 20 November, 1912.)

1. Divorce — Adultery — Circumstantial Evidence — Questions for Jury.

   In an action for divorce on the ground of adultery of the wife, the act of adultery is not required to. be proved by direct or positive evidence, but it may be established by circumstantial evidence, which is sufficient to establish it if it produce conviction in the minds of the jury by a preponderance of the evidence.

2. Divorce—Adultery—Disposition and Opportunity—Instructions— Appeal and Error.

   In an action for divorce on the ground of adultery, under conflicting evidence it is error for the judge to charge the jury that if the adulterous disposition of the parties is shown, and it appears that there was an opportunity to commit the offense, these facts are sufficient to establish the adultery; for such would be an invasion by the judge of the province of the jury, unless construing the charge as a whole it could readily be seen that the jury were not thereby misled.

BROWN and WALKER, JJ., concurring.

APPEAL by defendant from *Whedbee, J.,* at July (Special) Term, 1912, of DURHAM.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Bryant & Brogden for plaintiff.*
*Manning & Everett for defendants.*

CLARK, C. J. The court charged: "Evidence to prove adultery may be direct, as where the parties are seen in the act, or it may be indirect or circumstantial, and the charge of adultery may be sufficiently proved by evidence of circumstances leading

to an inference of guilt. . . . These facts and circumstances must lead your minds to the conviction of the truth; that is, the plaintiff must lead your minds to the conclusion that adultery was actually committed before you would be warranted in answering the third issue 'Yes.' " We find no error in the above instruction. In *S. v. Rinehart,* 106 N. C., 790, *Davis, J.,* says: "From the very nature of the offense, it is usually proven by circumstances, rarely by positive and direct evidence of the adulterous act," citing *S. v. Eliason,* 91 N. C., 566; *S. v. Poteet,* 30 N. C., 23. His Honor was simply telling the jury that circumstantial evidence would be sufficient to establish adultery, if it produced conviction in the minds of the jury, by a preponderance of the evidence. He had already charged them: "You must not only find that Mrs. Burroughs' conduct was indiscreet, but you must go further than that, and find more than that, more than that she smoked and drank and associated with Mrs. Carrigan and others, or that her conduct was not such as it ought to be, but you must be satisfied from the evidence and its greater weight that she actually had illicit sexual intercourse with Mr. Galloway." 

His Honor, however, further charged the jury: "If an adulterous disposition on the part of the defendant and the alleged paramour is shown, and it appears there was an opportunity for them to commit the offense, these facts are sufficient to establish adultery."

Taking the charge as a whole, we can hardly believe that the learned judge intended to express an opinion that an adulterous disposition and a convenient opportunity was sufficient evidence to establish adultery. But his language enunciates that proposition, and we do not think that it can be sustained. It is true, as *Walker, J.,* well says, in *Kornegay v. R. R.,* 154 N. C., 392, "We are not permitted to select detached portions of the charge, even if in themselves subject to criticism, and assign errors as to them, when, if considered with the other portions of the charge, they are readily explained and the charge in its entirety appears to be correct. Each portion of the charge must be construed with reference to what precedes and follows it," citing *S. v. Lewis,* 154 N. C., 634. But the paragraph above quoted

is so calculated, though not so intended, to mislead the jury, that we cannot feel sure that it was not misunderstood and may not have affected their verdict.

Error.

BROWN, J., concurring: I concur in the opinion of the Court in this case. Upon the finding of the jury on the third issue the defendant has been convicted of adultery with A. S. Galloway upon purely circumstantial evidence.

I admit that the evidence is sufficient in its probative force to justify the court in submitting it to the jury, but I am of opinion that his Honor's charge, however unintentional on his part, was an invasion of the province of the jury, and also gave to the evidence an effect which the law does not justify.

His Honor instructed the jury that where an adulterous disposition on the part of the defendant and her alleged paramour is shown, and it appears that there was an opportunity for them to commit the offense, these facts alone are sufficient to establish adultery.

His Honor further instructed the jury "that stolen interviews, clandestine arrangements to bring about an available opportunity, taken with other circumstances, proving that opportunity was actually afforded, may conclusively establish guilt."

I am convinced that if this language was used in respect to circumstantial evidence in the trial of a capital felony, that no court would hesitate in granting a new trial. This woman's honor, I have no doubt, is as dear to her as life itself, and I think the rules of law should be adhered to with as much strictness as if life itself were at stake.

There is no evidence whatever in this record of an eye-witness to the fact of adultery or to any combination of facts from which adultery must necessarily be inferred or even presumed. The whole testimony itself is composed of suspicious circumstances from which in my judgment a jury may or may not infer the fact that the defendant committed adultery with her alleged paramour. But these facts and circumstances do not show conclusively that she did so, and while they may be sufficient in themselves to justify a jury in arriving at such conclu-

sion, the jurors were at full liberty to reject any such inference. Circumstantial evidence is that which only tends to establish the issue by proof of the various facts sustaining by their consistency the hypothesis claimed. Wills on Circumstantial Evidence, page 15.

"Circumstances generally but not necessarily lead to particular inferences; for the facts may be indisputable, and yet their relation to the principal fact may be only apparent and not real." Wills, page 17; Starkie on Evidence, 839.

In *Lord Stowell's* celebrated judgment in *Loveden v. Loveden,* 4 Eng. Ecc. R., 461, the fundamental rule is recognized that it is not necessary to prove the direct fact of adultery by positive affirmative evidence, because if that were so, there is not one case in a hundred in which such proof would be attainable, as it is very rare that parties are surprised in the direct act of adultery.

His Lordship says that the fact may be inferred from circumstances that lead to it by a fair inference as a necessary conclusion. What those circumstances are cannot be laid down by any universal rule. He says that "The only general rule that can be laid down upon the subject is that the circumstances must be such as would lead the guarded discretion of a reasonable and just man to the conclusion, for it is not to lead a harsh and intemperate judgment, moving upon appearances that are equally capable of two interpretations."

When facts and circumstances introduced in evidence fairly and reasonably lead to the conclusion that the act has been committed, the jury may find the charge sustained. *Obrien v. Obrien* (N. J. Eq.), 30 Atl., 875.

Under our system it is for the jury and not for the court to say when circumstances are sufficient to establish a necessary fact. Wherever the evidence is circumstantial, his Honor has no right to tell the jury that certain circumstances are conclusive, or any given fact to be inferred from them.

In dealing with such evidence, we do not think the adjective "conclusive" has any authorized place in a judge's charge to a jury. It is, however inadvertently used, an intimation or expression upon the weight of the evidence. In a similar case to this, the Supreme Court of Illinois said:

"Adultery may be shown by proof of circumstances that naturally lead the mind to its belief by a fair inference as a necessary conclusion." And again: "Whether this evidence was sufficient to establish adultery, we are not called upon to determine. It tended to establish that fact, and it was competent, in connection with the other evidence, for the consideration of the jury."

In *Withers v. Lane,* 144 N. C., 187, this Court said: "The Legislature has wisely provided that no judge in charging a jury shall intimate whether a fact is fully or sufficiently proven, it being the true office and province of the jury to weigh the testimony and decide upon its adequacy to establish any issuable fact."

In addition to what I have said in regard to the charge of the learned and able judge who tried this case, I also am of opinion that there is no sufficient evidence set out in this record of stolen interviews or clandestine arrangements to bring about an available opportunity to commit the offense with which the defendant is charged; and that there is nothing for this instruction to rest upon if it were free from the error which I have already pointed out.

It is error for the trial judge to embrace in an instruction facts not supported by the evidence. *Jones v. Insurance Co.,* 153 N. C., 388, and cases cited.

MR. JUSTICE WALKER concurs in this opinion.