JOHN KISTLER, By Next Friend, v. SOUTHERN RAILWAY COMPANY.

(Filed 24 May, 1916.)

1. Damages—Physical Injuries—Mental Powers—Trials—Evidence.

Damages for the loss of mental powers arising from a personal injury negligently inflicted are not recoverable when there is no evidence tending to show that such have been sustained therefrom.

2. Same—Instructions.

The charge of the trial judge to the jury should be construed as a whole; and where a recovery for mental suffering arising from a personal injury is permissible, and the charge to the jury is that the plaintiff is entitled to reasonable compensation for the loss of both bodily and mental powers, *or* for actual suffering, both of body and mind, which are the immediate and necessary consequences of the injury, the word "or" is used to introduce matter explanatory or interpretative of what immediately precedes it, and not in the disjunctive; and, thus construed, it does not permit a recovery for the loss of mental powers, concerning which there is no evidence.

3. Damages—Mental Anguish—Evidence—Trials.

Evidence tending to show that the plaintiff suffered in consequence of a personal injury inflicted by the defendant, a severe blow just

37—171

above the kidneys, which resulted in an attack of jaundice, and brought about a condition not infrequently very humiliating to him, is sufficient to be submitted to the jury upon the question of damages for mental suffering, in the event the defendant's liability is established.

CIVIL ACTION tried before *Justice, J.,* and a jury, at January Term, 1916, of McDOWELL.

The action was to recover damages for personal injuries caused by the alleged negligence of the defendant company.

On denial of liability, there was verdict for plaintiff, assessing damage. Judgment on verdict, and defendant excepted and appealed.

*C. C. Lissenbee and Hudgins & Watson for plaintiffs.*
*S. J. Ervin and J. W. Pless for defendant.*

HOKE, J. The evidence tended to show that, on 17 July, 1914, plaintiff, a boy 17 years of age, was unloading ice, consigned to his employer, from a box car on defendant's side-track at Marion, N. C., having been directed to said car by the agents of defendant company. While so engaged, and without warning of any kind, an engine of the company was run with great violence against the car, shoving the same along the track for two or three car lengths, throwing the plaintiff over the wagon onto a pile of chestnut wood, causing serious and painful injuries, from which plaintiff still suffers. It could not be seriously contended that defendant was not liable on the issue as to negligence, the proximate cause of plaintiff's hurt. There is no claim or testimony tending to show contributory negligence on part of plaintiff; but defendant insists that there was error committed to his prejudice on the issue as to damages, in that the court charged the jury they could estimate for the loss of mental powers as a result of plaintiff's injuries, when there were no facts in evidence which tended to show any such loss. It has been held in several of our decisions, *Worley v. Logging Co.,* 157 N. C., 490; *Bryan v. R. R.,* 134 N. C., 538, and some others, that it amounts to reversible error where the loss of mental powers has been submitted to the jury as a distinct element of damages and there were no facts in evidence tending to show such loss; but we do not think the charge in the present case comes properly within the principle. On the trial it was proved, among other things, that plaintiff received many bruises at the time of the occurrence, among others, a severe blow just above the kidneys, which resulted in an attack of jaundice which was distressing and protracted and the effects of which are still and not infrequently manifested in a way very humiliating to plaintiff; and his Honor, referring to this and other circumstances attendant on the injury, in his charge to the jury, on the question of damages, made use of the following expression: "Plaintiff is en-

titled to have reasonable compensation for loss of both bodily and mental powers or for actual suffering both of body and mind which are the immediate and necessary consequence of the injury."

It is said that the word "or" is not always "disjunctive," but is not infrequently used to introduce matter that is explanatory or interpretative of what immediately precedes it, *Blumenthal v. Berkshire*, 96 N. W., pp. 17, 18; *Dowers v. Allen*, 22 Fed., 809, and, in the present instance, we think the latter clause should be construed and held to so modify and interpret the first that the charge, by correct intendment, signified that the jury could award compensation for the actual suffering of body and mind naturally attributable to the injury—a charge that has been approved in cases of this kind, and whether the witnesses speak directly to the mental suffering or not. *Ferrebee v. R. R.*, 163 N. C., 355.

In *S. v. Exum*, 138 N. C., pp. 599-619, and in other cases, the Court has approved the position as stated in Thompson on Trials, sec. 2407, "That the charge of the court is to be considered as a whole in the same connected way in which it was given, and upon the presumption that the jury did not overlook any portion of it. If, when so construed, it states the law fairly and correctly to the jury, it will afford no ground for reversing its judgment, though some of its expressions when standing alone might be regarded as erroneous"; and, on perusal of this charge, as a whole, we think the cause has been fairly and correctly presented to the jury, and the judgment in plaintiff's favor is affirmed.

No error.